64 So.2d 275 (1953)
LEWIS
v.
JENNINGS.
Supreme Court of Florida, Special Division A.
March 31, 1953.
Rehearing Denied April 28, 1953.
Dixon, DeJarnette & Bradford, Miami, for petitioner.
J. Harvey Robillard, Miami Beach, for respondent.
DREW, Justice.
The previous history of this case appears in the opinion in Hendry v. Lewis, 59 So.2d 854.
Subsequent to the filing of the mandate the matter of granting a new trial was heard by the Judge of the Civil Court of Record and granted. On appeal to the Circuit Court the action of the Civil Court of Record was affirmed. This latter order is now before us on certiorari.
The record before us in this and the former appeal shows that on January 19, 1949, after the issues were made up in this suit, plaintiff's attorneys served notice on defendant's attorney that the cause would be placed on the trial calendar for trial as a notice case at the next term of court, or at the next sounding of the docket. The case was tried on October 10, 1949, and four days later a final judgment was entered against the defendant for $3,366.50 and costs, which was the amount of the jury verdict. On the same date a motion for a new trial was filed by the defendant The grounds of this motion were:

*276 "1. The Court erred in refusing to grant the continuance prayed for by defendant's attorney by long distance telephone from White Sulphur Springs, West Virginia.
"2. The Court erred in permitting plaintiff to introduce his testimony in the absence of defendant and her attorney after motion for continuance duly made.
"3. The Court erred in entering judgment on the verdict rendered in the absence of the defendant and her attorney without giving defendant an opportunity to present her defense.
"4. The verdict rendered and judgment entered thereon are not justified by the facts involved as hereafter more fully appears.
"5. Defendant has a meritorious defense to said action and is willing to proceed to trial at once if given an opportunity so to do."
The only excuse advanced by the defendant for not being present at the trial was that her attorney had left Miami on the 4th of October and did not see the notice published in the Miami Review on that date that the cause would be tried on October 10th.
The lower Court granted the motion and the verdict and judgment were set aside.
The next entry in the record is a notice of trial dated April 3, 1950, served on defendant's attorney advising him that the plaintiff was requesting the Clerk to place the same on the calendar for the next ensuing trial term.
On October 3, 1950, the cause was again called for trial and the defendant and her attorney were again not present. The Court again proceeded to trial and again a verdict was returned by the jury for $3,366.50, and again a judgment was entered thereon for said amount and costs. The judgment bears date October 5, 1950.
On November 9, 1950, 35 days after the entry of the judgment, defendant again moved for a new trial and on this occasion assigned as grounds therefor the following:
"1. The Court erred in permitting the plaintiff to introduce his testimony in the absence of defendant and her attorney without causing her said attorney to be notified by telephone or otherwise as is customary among attorneys at this bar.
"2. The Court erred in entering judgment without notification of defendant's attorney for the fact that said cause had been called for trial as according to custom and good conscience among lawyers at this bar should have been done, the file and exhibits therein showing that defendant had a meritorious defense and intended to produce same.
"3. The verdict rendered and the judgment thereon are not justified by the facts involved as appeared in said file by motion for a new trial and vacation of judgment with exhibits attached filed October 14, 1949, and a closer examination of said file would clearly indicate that defendant intended to defend said action.
"4. Defendant has a meritorious defense to said action as shown by the motion for a new trial and vacation of judgment filed October 14, 1949, together with exhibits attached, all of which were part of the file of said case and are briefly restated here."
The only reason assigned by defendant's attorney for not being present at the trial on this occasion was that "for some unexplainable reason and inadvertence * * * affiant and his office had failed to see said notice." (The notice of the trial in the Miami Review.) When the Judge of the Civil Court of Record indicated he would grant this latter motion, it precipitated the litigation which resulted in the opinion alluded to in the first paragraph hereof.
We hold that the order granting the motion of the defendant and vacating the second verdict and judgment, under the circumstances above, was an abuse of discretion on the part of the trial judge and was therefore erroneous.
There has never been any contention here that the Court was without jurisdiction to enter the judgment or that the same was obtained by fraud, collusion, deceit or mistake. The only contention is that the *277 defendant's attorney was not present and that the defendant had a meritorious defense.
We recognize the rule that a Court has control over its judgments and decrees during the term at which rendered and may, during said term, vacate, modify or set them aside. Alabama Hotel Co. v. J.L. Mott Iron Works, 86 Fla. 608, 98 So. 825; Perrin v. Enos, Fla., 56 So.2d 920.
This power, however, is not an unbridled power and cannot be invoked as a matter of right. It is a power that may be exercised only within the limits of judicial discretion. The rule is for the purpose of enabling the Court to prevent manifest injustices. The exercise of the discretion depends upon a clear showing of some special and peculiar circumstance which, when established or admitted, would clearly warrant the alteration of the judgment. See Sapp v. Warner, 105 Fla. 245, 273, 141 So. 124, 143 So. 648, 144 So. 481. It is because there was no lawful basis for the entry of the order vacating the judgment that there was an abuse of the discretion vested in the Court.
The writ of certiorari is granted and the order appealed from is hereby quashed, with directions to reinstate the final judgment of October 5, 1950.
ROBERTS, C.J., and TERRELL and MATHEWS, JJ., concur.