KANNER, Acting Chief Judge.
The reason for this appeal is the vacation by the trial court of a final judgment of involuntary non-suit with prejudice entered in favor of the defendant and the entry of a final judgment of voluntary non-suit without prejudice for the plaintiff.
The action was for damages for personal injuries claimed to have been sustained through an accident when plaintiff, admitted to the emergency room of the defendant hospital for treatment of a cut finger, was allowed to lie on an operating table from which he was caused, through the negligence of the defendant, to fall violently to the floor. The defendant filed an answer denying any liability. A pre-trial conference was held on January 7, 1959, at which counsel for the respective parties were present. The cause was ordered set for trial before a jury on February 16, 1959, to commence at ten o’clock a. m. The issues were settled, and certain other matters relevant to the trial were provided for in the pre-trial order. Subsequently, on February 13, 1959, the defendant procured issuance of witness subpoenas for twelve witnesses who were duly summoned to appear at the trial at the aforementioned time set for the trial.
• At the appointed time on the day set for the trial, a jury had been summoned and the court was ready to proceed with the trial; but neither the plaintiff nor his counsel appeared. Thereupon, the defendant, through its counsel, moved in open court that the court enter final judgment against the plaintiff and dismiss the case with prejudice and that its costs be taxed in the sum of $106.09 against the plaintiff. Pursuant to this motion, the court rendered a final judgment for the defendant, dismissing the case with prejudice and granting the defendant judgment for costs.
Thereafter, on February 20, 1959, the attorney for the plaintiff filed an unsworn motion signed by him to set aside the judgment.[1] This motion was heard before the court on February 23, 1959; and thereafter the court entered an order setting aside the *51 judgment and permitting the plaintiff to take a voluntary non-suit.[2] Upon the non-suit final judgment without prejudice was rendered for plaintiff. The effect of the lower court’s action was to set aside a final judgment of involuntary non-suit with prejudice for the defendant and then allow the plaintiff to take a voluntary non-suit resulting in a final judgment of voluntary non-suit without prejudice, a ruling which will permit plaintiff to sue defendant again for the same cause of action.
The action here was in a circuit court, a court of record; and that court had jurisdiction of the parties and the subject matter. Courts of record or of general jurisdiction under appropriate circumstances have the power to correct, modify, set aside, annul, or vacate their own judgments or decrees during the term at which they are rendered. However, this power is not unbridled but is limited to an impartial exercise of a sound judicial discretion. In the exercise of this judicial discretion the court should be guided and controlled by the established legal principles to which the action of the court must conform. The purpose of the rule is to enable the court to prevent manifest injustices. The exercise of the judicial discretion depends upon a clear showing of some special and peculiar circumstance, which when established or admitted, would clearly warrant alteration of the judgment. Lewis v. Jennings, Fla.1953, 64 So.2d 275.
No motion for a continuance o.r any agreement therefor between counsel or the parties is shown. Rather the plaintiff by his counsel simply alleged in his unsworn motion a conclusion that it was “believed” that the cause had been continued by agreement or else plaintiff would have moved for a voluntary non-suit. The motion when analyzed is predicated upon a belief of counsel unsupported by any recital of facts or evidentiary matter. No evidence or testimony was offered at the hearing. The motion is not founded upon surprise and there is no basis in the record to authorize relief upon such premise or otherwise. Counsel for plaintiff was fully cognizant of the time for trial as it had been definitely fixed in the pre-trial order.
No excusable nor justifiable reason having been shown, the judgment is reversed and the cause remanded with directions that the final judgment of voluntary non-suit without prejudice be set aside and that the court reinstate the final judgment of involuntary non-suit with prejudice.
Reversed.
SHANNON, J., and STEPHENSON, GUNTER, A. J., concur.

. “Comes now the Plaintiff, Patrick Spera-no, by and through his undersigned attorney, David Goldman, and moves this Honorable Court to set aside the default judgment entered herein on the 16th day of February, 1959, upon the plaintiff’s and his counsel’s failure to appear before this Honorable Court at the appointed time, being the time set for the trial of this cause, for the following reasons:
“1. That it was believed by counsel for the plaintiff that this matter had been, by agreement of counsel, continued.
“2. That obviously, if this matter had not been believed to have been continued, then counsel for the plaintiff and the said plaintiff would have moved this Honorable Court for a voluntary non-suit. * * * ”

. “This cause coming on to be heard before me upon the plaintiff’s Motion to Set Aside Default Judgment, and having heard the argument of respective counsel and being fully advised in the premises;
“I find that the default judgment entered by this Court on the 16th day of February, 1959 was entered by reason that the plaintiff nor his counsel appeared on said date and the counsel for the defendant having moved this Court for default judgment for their failure to appear, and the court having entered same.
“I further find that on the same day, counsel for the plaintiff presented himself before this Court merely to thank the Court for its indulgence, and for reason that it was felt that this cause had been continued by agreement, and when informed of the entry of a default judgment, same was a surprise to plaintiff’s counsel, he further stating to this Court that had this cause not been believed continued that the plaintiff would have moved for voluntary non-suit; and reiterating said motion for voluntary non-suit and then having formally set this matter down upon the motion hereinbe-fore mentioned, it is hereby,
“Ordered and adjudged that the Default Judgment heretofore entered on the 16th day of February, 1959 in this cause by this Court is hereby quashed.
“Further that the plaintiff be allowed voluntary non-suit, and it is further
“Ordered and adjudged that said entry of voluntary non-suit be recorded.”