230 So.2d 706 (1970)
BLUE CROSS OF FLORIDA, INC., and Blue Shield of Florida, Inc., Both Florida Corporations, Appellants,
v.
Francis T. O'DONNELL, Appellee.
Nos. 69-576, 69-577.
District Court of Appeal of Florida. Third District.
January 20, 1970.
*707 Pallot, Silver, Pallot, Stern, Proby & Adkins, Miami, for appellants.
Talburt, Kubicki & Garrett, Bernard Berman, Wicker, Smith, Pyszka, Blomqvist & Davant, Walter Beckham and Robert Orseck, Miami, for appellee.
Before CHARLES CARROLL, HENDRY and SWANN, JJ.
HENDRY, Judge.
The appellants were granted leave to intervene in a suit pending between the appellee and third parties wherein appellee claimed damages which he alleged resulted from negligent acts of the third party tortfeasors. Appellants set forth in their motion to intervene that:
"1. The Intervenors claim an interest in the pending litigation inasmuch as the Intervenor, BLUE CROSS OF FLORIDA, INC., has provided benefits unto the plaintiff in the sum of TWO THOUSAND TWO HUNDRED TWENTYSIX & 45/100 ($2,226.45) DOLLARS and the Intervenor, BLUE SHIELD OF FLORIDA, INC., has provided benefits unto the Plaintiff in the sum of THREE HUNDRED TWENTY-TWO AND NO/100 ($322.00) DOLLARS and under *708 the Master Medical Endorsement to the basic BLUE CROSS and BLUE SHIELD contracts, benefits have been provided unto the Plaintiff in the sum of ONE THOUSAND FIVE HUNDRED SIXTEEN AND 10/100 ($1,516.10) DOLLARS, all pursuant to contracts running between the Intervenors and the Plaintiff and said contracts, among other things, contain the following clause under Section X in the BLUE CROSS OF FLORIDA, INC. contract and under Section XI in the BLUE SHIELD OF FLORIDA, INC. contract:
"`General Provisions' is hereby amended by adding thereto the following paragraph (n):
"`(n) Subrogation  In the event of any payment for benefits provided to a Subscriber under the Contract, the Plan, to the extent of such payment, shall be subrogated to all rights of recovery such Subscriber has against any person or organization except against insurers on policies of insurance issued to and in the name of such Subscriber, and the Subscriber shall execute and deliver such instruments and papers as may be required and do whatever else is necessary to secure such rights to the Plan.'"
"2. That as a result thereof the Intervenors have a claim in this law suit for the sums indicated as against any recovery by the Plaintiff against the Defendants, or any of them, for said sums inasmuch as the sums were paid on behalf of the Plaintiff by the Intervenors as a result of the injuries suffered by the Plaintiff growing out of the gravamen of the litigation involved herein."
Appellee moved for summary judgment upon grounds that: there is no contractual relationship between the parties; appellee is not a subscriber to the contract of insurance through which intervenors claim; there is no legal or contractual basis whereby liabilities of Francis T. O'Donnell, Jr. (as contrasted with the named insured, his wife) for repayment of benefits paid can be established; and that from the pleadings, answers to interrogatories, and requests for admission, there is no genuine issue of fact and that the plaintiff is entitled to a judgment as a matter of law. Upon hearing and consideration of the motion the court entered a summary judgment for the plaintiff-appellee without setting forth its grounds therefor.
Appellants urge reversal of the summary final judgment on the grounds that: (1) a trial judge may not grant a motion for summary judgment where there are genuine issues of material fact when in dispute; and (2) that a court must honor and enforce subrogation rights which have been contracted between the parties. We agree and reverse.
Our review of the record convinces us that there was presented a genuine issue as to the material fact of whether appellee was a subscriber or third party beneficiary under the contract with the appellants so as to cause him to be bound by the subrogation covenant of the contract of coverage with the appellants.
Appellee urges us to affirm the position of the trial court, contending that to enforce the subrogation rights which the insurors now assert would be to violate public policy which forbids the assignment of claims for personal injuries. This argument, however, has been specifically rejected in our decision contained in DeCespedes v. Prudence Mutual Casualty Company of Chicago, Ill., Fla.App. 1966, 193 So.2d 224, 227.
Having determined that the subrogation provision here in question is not violative of public policy, we also feel it would be beneficial to discuss the procedural implications inherent in our decision. The appellee has argued that the interests of the litigants would be better served by authorizing or encouraging an insuror, or *709 one in the position of an insuror such as the appellants here, to file a lien in the proceedings as a means of receiving compensation for money paid out. Initially, we find no authority, common law or statutory, which allows such a lien to be filed. Moreever, it appears to us that the wording of Rule 1.230, F.R.C.P., 30 F.S.A., was intended to govern situations such as the case at bar. The rule states:
"Anyone claiming an interest in pending litigation may at any time be permitted to assert his right by intervention, but the intervention shall be in subordination to, and in recognition of, the property of the main proceeding, unless otherwise ordered by the court in its discretion."
It may be readily seen that the allowance of the appellant to intervene will not in any way affect the main litigation between the injured party and the alleged tortfeasor.
The judicial labors concerning the issues between those two parties must be completed before the chancellor makes a final determination of the rights of the subrogee. As applied to the case sub judice, if it is found that the appellant is entitled to recover, then such an amount, if any, shall be based upon equitable considerations, taking into account factors such as the amounts received by the injured party, and the amounts expended by the insuror. Moreover, pro rata distribution is available in the event that the beneficiary, in his separate action against the tortfeasor, receives a recovery less than the amount advanced by the intervenor-subrogee. This procedure falls within the purview of an equitable disposition of the parties' rights. Thus, the fears expressed by the appellee that a Pandora's box will be opened by our decision herein appears to be unfounded.
For the reasons expressed above, the summary judgment being appealed is therefore reversed.