**FAIRCHILD v. SOUTHEAST TITLE & INSURANCE CO.**
No. 71-2477.
Circuit Court, Escambia County.
October 11, 1971.

Lefferts L. Mabie, Jr., of Levin, Warfield, Graff, Mabie & Rosenbloum, Pensacola, for plaintiff.

James E. Hertz of Fisher, Hertz & Bell, Pensacola, for defendant.

WILLIAM FRYE, III, Circuit Judge.

This matter came on before the court on motion by defendant for judgment on the pleadings and plaintiff's motion for summary judgment. Counsel have agreed that the facts are not in dispute and that this matter is subject to determination by the court based upon the pleadings and affidavit and attached exhibits, and have waived the twenty day requirement.

Plaintiff was insured under defendant's insurance policy affording plaintiff medical payments coverage to the extent of $500 per person for each accident. During the period of policy coverage plaintiff's minor son was injured in an automobile accident and incurred medical and hospital expenses in excess of $4,500, and received from defendant payment of the $500 policy coverage.

Thereafter plaintiff compromised his claims against the third-party tortfeasor for the sum or $10,000, which was the liability insurance policy limit applicable. Plaintiff thereupon offered to compromise with defendant its subrogation claim but defendant insisted upon repayment in full of its $500 coverage. Plaintiff thereupon brought this action for declaratory judgment.

The case of DeCespedes v. Prudence Mutual Casual Company of Chicago, Illinois, 3rd DCA Fla. 1966, 193 So.2d 224, expresses philosophically the concept that an insurance contract of indemnity, as is here involved, does not entitle the insured to receive a stipulated amount merely upon the happening of a specified event, but rather indemnification, within the limits of the policy, for his actual loss (i.e., medical expenses incurred). The court there denied to the insured its claim for medical coverage after he had made a settlement with the tortfeasor. There was no contention that the settlement did not fully and adequately compensate plaintiff. The court denied the insured a second recovery of his medical expenses from the insurer, noting that "To allow the insured to make a recovery under his coverage after he has made an apparently satisfactory settlement and executed a release in violation of the subrogation clause, is to allow him a windfall from his insurance not within the contemplation of the parties."

Further the court stated, "The concept of subrogation is distinct from that of a mere assignment. Subrogation is a 'creature of equity having for its purpose the working out of an equitable adjustment between the parties . . .' ".

We find in the case at bar an important distinction in that the record discloses that the settlement was for the limits of the tortfeasor's liability insurance policy and from the medical records before the court and the fact that plaintiff's medical bills incurred

from this accident exceeded $4,500, the value of the case at verdict or settlement value otherwise could well have exceeded $10,000, but as to the medical expenses alone, it is clear that plaintiff's coverage under defendant's policy amounted to only one-ninth of his medical expenses, so it cannot be contended that there was or would be any double recovery here. It has recently been held that equitable considerations should be the basis of determination between insurer and the insured of the amount of the carrier's subrogation claim for medical payments coverage. Blue Cross of Florida, Inc. v. O'Donnell, 3rd DCA Fla. 1970, 230 So.2d 706. The court there stated that the equitable considerations should include taking into account factors such as the amount received by the injured party and the amounts expended by the insurer.

The court finds that under the facts and circumstances of this case, and the application of the equitable considerations to be followed, the defendant-insurer is entitled to receive the sum of $55.55 representing one-ninth of plaintiff's total medical expenses, or the proportion which its coverage or indemnity bore to insured's loss.

Pursuant to §627.0127, F.S., plaintiff is entitled to an attorney's fee for his services in this cause, and the court finds the amount of $200 to be a reasonable fee.

It is therefore ordered and adjudged that plaintiff have and recover from defendant the sum of $44.45, being the difference between the amounts owed between the parties, respectively, plus his costs incurred herein, for which let execution issue.