276 So.2d 493 (1973)
Alma MARDEN, Appellant,
v.
Ben MARDEN, Appellee.
No. 72-668.
District Court of Appeal of Florida, Fourth District.
April 17, 1973.
Rehearings Denied May 10, 1973.
*494 C. Shelby Dale, of Dale & Stevens, Fort Lauderdale, for appellant.
Ray H. Pearson and Bertha Claire Lee, of Frates, Floyd, Pearson, Stewart, Proenza & Richman, Miami, and Ray Ferrero, Jr., of Ferrero, Middlebrooks & Houston, Fort Lauderdale, for appellee.
WALDEN, Judge.
Summary judgment was entered in favor of Ben Marden, the alleged husband and defendant appellee. We reverse because the record shows there are genuine issues as to material facts which preclude the movant here from obtaining judgment as a matter of law. Rule 1.510(c), F.R.C.P., 31 F.S.A.
Alma Marden brought suit alleging that the parties had established a common law marriage and seeking permanent alimony, suit money, attorneys' fees, and a restraining order to prevent the defendant from disposing of a condominium that the parties had been using as their residence. The parties met in 1944 when they were both married to others. Subsequently each was divorced and, according to Alma, began living and traveling together as husband and wife from 1960 to 1970. Ben denies this, alleging she was merely a girl friend.
To prima facie prove a common law marriage, there must be general repute, cohabitation and a present assent to become man and wife. Carretta v. Carretta, Fla. 1952, 58 So.2d 439. In this case plaintiff may have a difficult and heavy burden of proof if she is to finally prevail, based on the fact that a) the relationship was meretricious in its inception, b) there are seeming inconsistencies in her testimony, c) there are certain obscurities as to whether the couple's understanding was a "present assent" to be married or a conditional future agreement to be married.
None of the above hardships should influence a trial judge to grant a summary judgment where there are fact issues. As stated in Williams v. Caterpillar Tractor Co., Fla.App. 1963, 149 So.2d 898:
"In ruling on a motion for summary judgment a trial judge is better advised not to attempt, on the basis of a study of discovery depositions, to resolve the question of the sufficiency of evidence not yet adduced. The question properly determined on motion for summary judgment is whether or not there exist in the cause genuine issues of material fact. While the court may be convinced that a plaintiff will have insurmountable difficulties in proving his case, it should not by summary judgment prevent him from attempting to do so when, as in this case, so many questions of fact appear, on the the strength of the record, to remain controverted. Whether or not the plaintiff's allegations and the statements made in discovery depositions in support thereof can be proved at trial is a matter beyond the scope of summary judgment proceedings." (Emphasis supplied.)
We have carefully screened the record here and find that there are substantial conflicts in the evidence and different interpretations and inferences that can be gained. These center upon the ingredients of a common law marriage and particularly the matter of a present assent to become man and wife. However, it can not be said *495 as a matter of law that the marriage existed or not. The requirements of law indicate that the judgment here was premature and that the issues should be fully explored at a regular trial.
Reversed and remanded.
OWEN and MAGER, JJ., concur.