283 So.2d 152 (1973)
SARASOTA COUNTY, a Political Subdivision of the State of Florida, Appellant,
v.
STANTON INVESTMENT COMPANY OF MISSOURI, a Missouri Corporation, Appellee.
No. 72-628.
District Court of Appeal of Florida, Second District.
September 26, 1973.
Richard E. Nelson, Sarasota, for appellant.
John W. Griffis, III, of Millican & Trawick, Sarasota, for appellee.
BOARDMAN, Judge.
Appellee-plaintiff, hereinafter referred to as "owner," is the fee simple titleholder of the real property herein. Jamaica Royale Unit One, Inc., hereinafter referred to as "Jamaica," is the lessee of said property having a 99-year leasehold interest therein. "Jamaica" is not a party to this proceeding. Appellant-defendant will hereinafter be referred to as the "county."
The "county" issued a temporary use permit to "Jamaica" authorizing the location of a trailer on said property for use as office facilities for "Jamaica." The application for the temporary use permit filed with the "county" indicated thereon that "Jamaica" was the authorized agent of the "owner." The "owner" objected to the issuance of the permit and advised the "county" that "Jamaica" was not its authorized agent. The "county" had issued the permit in December of 1970 and renewed it for an additional year in December, 1971.
On March 9, 1971, the "owner" filed an action against the "county" seeking the issuance of an injunction to require the "county" to revoke the said permit and to prevent the "county" from reissuing the permit to "Jamaica." The "county" filed a motion to dismiss the said complaint alleging that the court failed to join "Jamaica" as an indispensible party, which motion was denied by the trial court. Subsequently, the "owner" filed an amended complaint. *153 Interestingly, it is alleged in both the complaint and the amended complaint that "Jamaica" was being sued as a party defendant; but, service of process was not obtained upon "Jamaica." The "county" filed its answer and affirmative defenses to the amended complaint alleging therein, among other matters, the pendency in another division of the court of case number 71-276 and that the outcome of that litigation would materially affect the rights of the parties in the subject property. The "county" filed separate motions to abate and consolidate the present proceedings with case number 71-276, supra. The trial judge, after proper hearing, denied each of the aforesaid motions filed by the "county" and granted the "owner's" motion for summary judgment.
The decision of the trial judge on the motion for summary judgment, the attacking motions filed by the "county," and the denial of the petition for rehearing formed the basis for this timely appeal. The "owner" filed cross-assignments of error objecting to certain provisions of the said summary judgment.
We have carefully considered the record, briefs and oral argument of counsel. The underlying question presented, as we view the record, is whether "Jamaica" had the right to submit its application to the "county" for the temporary use permit by reason of its contractual agreement with the "owner." In granting the motion for summary judgment, the trial court necessarily found no genuine issue of material fact to exist between the parties. Rule 1.510(c), RCP, 31 F.S.A.
The "owner" asserts that this case should be affirmed on authority of Harvey Building, Inc. v. Haley, Fla. 1965, 175 So.2d 780, and other cases cited in its brief on this particular proposition. We disagree for it clearly appears from the very limited record here that there are genuine issues of material fact which have not been eliminated by the "owner." For instance, Mr. Louis Simon, president of "Jamaica," in his sworn affidavit, which is part of the record, states that case number 71-276 is presently at issue and involves the dispute between "Jamaica" and the "owner" over the right to use the property in question. Of course, we do not have the benefit of the record in case number 71-276 before us. It appears from the pleadings and the affidavit aforesaid that the decision rendered in the cited case could very likely establish, and perhaps resolve, the rights of the parties in the instant case. In addition, "Jamaica" holds a 99-year lease, has paid the taxes and has a common possessory right with the "owner" to the property in question.
We think it pertinent to point out that in Maloy's Florida Appellate Practice and Procedure, Vol. 1, § 10.15, the following proposition is stated:
While a presumption of correctness exists in favor of all judgments or decrees of the lower court, an appellate court should indulge all proper inferences in favor of a party against whom a summary judgment or decree has been entered. This means that all facts are construed against the moving party. Conflicts in the evidence are resolved in favor of the appellant and against the propriety of the judgment... .
As we read the trial court's ruling granting the summary judgment in favor of the "owner," in which is reserved the right of the "county" to reissue the permit to "Jamaica" depending upon the outcome of case number 71-276, we interpret it to be an additional indication that all fact questions have not been eliminated in the case.
For very obvious reasons, we cannot decide this matter at this particular stage of the proceedings. Consequently, we hold that the trial court acted prematurely in granting the summary judgment against the "county."
*154 The "owner" asserts that in view of the fact that "Jamaica" is neither the "owner," nor his agent, nor developer of the subject property, (there is no dispute as to these questions) as prescribed by the Zoning Regulations for Sarasota County, Chapter 1, Section 7, the "county" had no authority to issue the temporary use permit. In addition, it is contended by the "owner" that the action of the "county" in granting the said permit is violative of constitutional prohibition against the taking of property without due process of law and without just compensation. We do not agree with either contention.
As to the nonownership assertion, the "owner" refers us to the case of Miami Shores Village v. Wm. N. Brockway Post No. 124 of American Legion, 1945, 156 Fla. 673, 24 So.2d 33. We have read the case and believe it factually dissimilar to the instant case. In Miami Shores Village v. Wm. N. Brockway Post No. 124 of American Legion, supra, the applicant for the building permit did not own an equitable interest in one of the lots referred to in the application. In the case sub judice, it is undisputed that "Jamaica" owns a 99-year lease of the subject property. It follows that "Jamaica" being the holder of the said proprietary interest in the subject property would be entitled to use it for any and all lawful purposes and consistent with the terms and provisions of the lease. We cannot and do not decide this question for at least two reasons. First, "Jamaica" is not a party hereto and, second, we do not have the lease before us.
The "owner" cites the case of South Dade Farms v. B. & L. Farms Co., Fla. 1952, 62 So.2d 350, in support of its position that the "county" by issuing the permit to "Jamaica" is, in effect, taking property owned by the "owner" without payment of just compensation. We believe that the facts in the cited case are distinguishable from the facts in the instant case. There can be little doubt that by its ruling the trial court necessarily affected the permit rights granted "Jamaica" to use the subject property. We think in all fairness "Jamaica" should have had the opportunity to present its case in court and, therefore, should have been joined in the case as a necessary and indispensable party. See Rule 1.140(b)7 and (h), RCP, 30 F.S.A.
Our supreme court in the early and often cited case on this particular proposition held in Cline v. Cline, 1931, 101 Fla. 488, 134 So. 546, 548:
... persons whose interests will necessarily be affected by any decree that can be rendered in a cause are necessary and indispensable parties and that the court will not proceed without them... .
See, also, Alger v. Peters, Fla. 1956, 88 So.2d 903.
In our opinion, in light of the totality of the circumstances, this case presents a classic example wherein the concept of abating litigation and avoiding more than one suit, thereby reducing trial time and reducing expense, should be utilized and practiced. Accordingly, the summary judgment entered against the "county" is reversed with directions that the instant case be abated and that "Jamaica" be joined herein as a necessary and indispensable party and the present proceedings be consolidated for the purposes of trial with case number 71-276.
It is so ordered.
MANN, C.J., and HOBSON, J., concur.