PER CURIAM.
Looking at the whole record and the inferences to be gained therefrom, it is our view that there were genuine issues as to material facts that stood in, the way of defendant’s motion for summary judgment. Rule 1.510 F.R.C.P., 31 F.S.A., Marden v. Marden, 276 So.2d 493 (4th D.C.A.Fla. 1973); Playcare, Inc. v. Battaglia, 280 So. 2d 34 (4th D.C.A.Fla.1973); Sarasota County v. Stanton Investment Co. of Missouri, 283 So.2d 152 (2d D.C.A.Fla.1973); American Bankers Ins. Co. of Florida v. Nolan’s Garage, Inc., 262 So.2d 727 (3d D.C.A.Fla.1972); Williams v. Caterpillar Tractor Co., 149 So.2d 898 (2d D.C.A.Fla. 1963). More specifically there was an issue as to whether or not defendant’s conduct of its business caused the accumulation of pollutants upon the plaintiff’s premises.
Reversed and remanded for further proceedings consistent herewith.
Reversed and remanded.
OWEN, C. J., WALDEN, J., and RUD-NICK, VAUGHN J., Associate Judge, concur.