305 So.2d 853 (1974)
CORAL BAY PROPERTY OWNERS ASSOCIATION, Appellant,
v.
CITY OF CORAL GABLES, a Municipal Corporation, and Gulliver Academy, Inc., a Florida Corporation, Appellees.
No. 74-1127.
District Court of Appeal of Florida, Third District.
December 31, 1974.
Rehearing Denied January 28, 1975.
*854 Fleming & Newman, Miami, for appellant.
Charles H. Spooner, City Atty., Turner, Hendrick, Guilford, Goldstein & McDonald, Coral Gables, for appellees.
Before PEARSON, HAVERFIELD and NATHAN, JJ.
PER CURIAM.
The question presented by this appeal is whether the trial court erred in denying the appellant's motion to intervene pursuant to rule 1.230, RCP,[1] in appellee's suit against the City. The appellee sought a declaratory judgment, injunctive relief and other relief. The appellant claimed a direct and immediate interest adverse to the appellee as plaintiff. We reverse upon a holding that the declaration of the rights of the appellees could have a direct effect upon the rights of the appellant's members.
The appellant is the Coral Bay Property Owners Association. The appellee is Gulliver Academy, Inc., which operates a private school. The defendant to the suit for declaratory judgment is the City of Coral Gables. The record contains a stipulation by the City agreeing to appellant's intervention as a party defendant.
This case had its impetus in a letter sent by Coral Bay to the City requesting an appearance before the City Commission. The letter stated in part:
"Our objection pertains to the violation of the agreement between the City of Coral Gables and Gulliver Academy *855 when a special use zoning was granted to permit a grade school in our residential area. Our city file discloses testimony by Gulliver representatives that the school would service three-year-olds through the 6th grade with no more than 300 students.
"Gulliver now teaches classes through the 9th grade with approximately 1,000 students enrolled. No permission was granted by the City of Coral Gables' duly authorized Planning & Zoning Board for this departure."
In response to this letter from Coral Bay, the City decided to consider the complaint lodged by appellant. In addition, the City decided to refer to its Planning Board the task of hearing the controversy. Having had notice of the proposed procedure, Gulliver filed its complaint for a declaratory judgment, injunction and other relief. Coral Bay sought to intervene as a party "claiming an interest in pending litigation ... but, ... in subordination to, and in recognition of, the propriety of the main proceeding ..." Appellant's motion to intervene was denied without findings and this appeal followed.
Appellee points out that intervention is not a "matter of right" but rests within the sound judicial discretion of the trial court. See Switow v. Sher, 136 Fla. 284, 186 So. 519 (1939); Wogisch v. Tiger, Fla.App. 1966, 193 So.2d 187.
In addition, appellee urges that this record affirmatively shows that Coral Bay will neither gain nor lose by the direct legal operation and effect of a judgment in the case.
We recognize the rule vesting discretion in the trial court; nevertheless, in the exercise of judicial discretion, the trial court should be guided and controlled by established legal principles to which the action of courts must conform. Lewis v. Jennings, Fla. 1953, 64 So.2d 275; Eugene Wuesthoff Memorial Hospital Association v. Sperano, Fla.App. 1960, 118 So.2d 49. The legal principles governing the decision in this case have been enunciated by the Supreme Court of Florida in Morgareidge v. Howey, 75 Fla. 234, 78 So. 14 (1918); Miracle House Corporation v. Haige, Fla. 1957, 96 So.2d 417.
Applying the principles expressed to the instant case, it seems to us apparent that the appellant, Coral Bay, has an interest in the matter in litigation, i.e., the declaration of appellee's rights under specially enacted Ordinance No. 1546 of the City of Coral Gables to the use of residential property for private school purposes. We think that it is significant that Gulliver in its complaint has specifically set forth its controversy with the appellant, Coral Bay.[2] The complaint seeks broad relief. Not only does it pray for an injunction stopping the proceedings begun to investigate appellant's objection but it prays that the City be enjoined from "accepting the interpretation of grade school ... as being grades one through six ..." and be required to accept appellee's interpretation that "grade school" as used in the ordinance means that "plaintiff is entitled to operate a grade school, through the full ambit of grades nursery through twelve, with no numerical enrollment restriction."
*856 The effect of the granting of appellee's prayers without appellant's joinder will be to allow litigation against a government unit to prevent that governmental unit from determining appellant's rights under an ordinance. See Sarasota County v. Stanton Investment Company of Missouri, Fla.App. 1973, 283 So.2d 152. Accordingly, the order denying appellant's motion to intervene is reversed and the cause remanded for further proceedings in accord with the views herein expressed.
Reversed and remanded.
NOTES
[1] "Anyone claiming an interest in pending litigation may at any time be permitted to assert his right by intervention, but the intervention shall be in subordination to, and in recognition of, the propriety of the main proceedings, unless otherwise ordered by the court in its discretion."
[2] "26. In 1973, plaintiff had an unfortunate series of `run-ins' with a neighbor to the school, who is a member of an association known as the Coral Bay Property Owners Association, which coincidentally used to have their meetings at the Gulliver Academy. The `run-ins' involved charges of vandalism and other improprieties by children of this neighboring owner, at the Gulliver Academy.

"27. In an effort to find some method to retaliate for plaintiff's having called the police and reported these children to the authorities, this neighboring owner caused the Coral Bay Property Owners Association to file a complaint with the Mayor of the defendant, CITY, claiming that plaintiff was allegedly operating in violation of its zoning permit. A copy of the January 18, 1974 letter from Ed Balik, President of the Coral Bay Property Owners Association, to Coral Gables Mayor Robert Knight is attached and made a part hereof and marked Exhibit `B'."