410 So.2d 522 (1982)
BRICKELL BAY CONDOMINIUM ASSOCIATION, INC., Appellant,
v.
John FORTE, Michael Forte and Brickell Bay Club, Inc., Appellees.
No. 80-1878.
District Court of Appeal of Florida, Third District.
January 12, 1982.
Rehearing Denied February 22, 1982.
*523 Sinclair, Louis, Siegel, Heath, Nussbaum & Zavertnik and Paul E. Gifford, Miami, for appellant.
Hall & Hauser and Richard F. O'Brien III, Miami, for appellees.
Before SCHWARTZ and DANIEL S. PEARSON, JJ., and OWEN, WILLIAM C., Jr., (Ret.), Associate Judge.
DANIEL S. PEARSON, Judge.
The appellant, Brickell Bay Club Condominium Association, Inc. (the Association), whose members are the unit owners of the Brickell Bay Club Condominium, was denied the right to intervene in an action by the developers of the condominium against Aetna Drywall Contractors, Inc. (Aetna), seeking damages because of Aetna's negligent performance of construction of the condominium. The Association's asserted interest in the pending litigation arises from an assignment from the developers, which provides in pertinent part:
"2. The Assignor does hereby assign, set over and transfer unto the Assignee, the benefit of all of Assignor's right, title and interest in and to all bonds and warranties (express or implied) of every kind, character and description furnished to and running in favor of the Assignor by all of the contractors, sub-contractors and materialmen who furnished and/or performed work, labor, services and materials in connection with the construction of the Brickell Bay Club Condominium and all of its appurtenances, except as hereinafter provided.
"3. The Assignor has advised the Assignee of the following:
"(a) That there is presently pending in the Circuit Court of Dade County, Florida, certain litigation between Assignor and materialmen, suppliers and sub-contractors who performed work, labor services on and/or furnished materials to the Brickell Bay Club Condominium.
"(b) That such litigation was initiated in each instance by the sub-contractors and materialmen.
"(c) That the Assignor has and/or will, in defending such actions, assert affirmative defenses and/or counterclaims against the claimants therein.
... .
"(b) Any proceeds obtained as a result of such pending litigation will first be used to offset any claims within such litigation by any party against [the developers], or to satisfy any judgments which such party may have against [the developers] and the balance, after all such offsets, to the party against whom the judgment was entered or any other party to such litigation shall *524 be remitted to Assignee, without claim by Assignor, except to the extent of attorneys' fees and costs expended by Assignor to obtain such result."
We hold that the trial court abused its discretion in denying intervention, see Coral Bay Property Owner's Association v. City of Coral Gables, 305 So.2d 853 (Fla. 3d DCA 1975), because (1) the status of the Association as a partial and potentially substantial assignee of the cause of action being sued on by the developers is that of real party in interest in the pending litigation, a status clearly sufficient to justify intervention, see W. Klang & Son, Inc. v. Milar Galleries, Inc., 328 So.2d 510 (Fla. 3d DCA 1976); Blue Cross of Florida, Inc. v. O'Donnell, 230 So.2d 706 (Fla. 3d DCA 1970); compare Faircloth v. Mr. Boston Distiller Corporation, 245 So.2d 240 (Fla. 1970); Oster v. Cay Construction Company, 204 So.2d 539 (Fla. 4th DCA 1967) (mere indirect interest not sufficient for intervention); (2) as is evident from the assignment, the developers' only real interest in the outcome of their action against Aetna is to recover damages sufficient to offset a judgment obtained against them on a promissory note by Aetna, whereas, by contrast, the interests of the Association, the entity which now bears the responsibility to repair the alleged defective construction, can only be adequately protected by as full and complete recovery against Aetna as is possible for it to obtain, Coral Bay Property Owner's Association v. City of Coral Gables, supra (proposed intervenor's interest not adequately protected by party with limited interest); see Miracle House Corporation v. Haige, 96 So.2d 417 (Fla. 1957) (proposed intervenor's interest not adequately protected by disinterested party); (3) not only is the discrete interest of the developers in the outcome of the litigation inadequate to fully protect the rights of the Association, but the admitted prior litigious conflicts between the developers and the Association enhance the Association's need for its own representation in the pending action; (4) the Association has abandoned any claim for relief distinct from that sought by the developers in the main action and concedes that its intervention must be subordinate to and in recognition of the main proceeding, the conduct of which can be presumably controlled by other orders of the trial court; and (5) while the motion to intervene was filed several years after the commencement of the main action, but only an approximate year after the assignment to the Association, the main action is still far from the eve of trial, and intervention will not disrupt the proceedings or disadvantage any party, as is apparently recognized by Aetna, which, although presumably the party most affected, has not opposed the Association's intervention.
Reversed and remanded with directions to grant the Association's motion to intervene.