875 F.2d 865
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Kathleen MARTIN, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH & HUMAN SERVICES, Defendant-Appellee.
 No. 88-3403.
 United States Court of Appeals, Sixth Circuit.
 May 15, 1989.
 
 Before NATHANIEL R. JONES and RYAN, Circuit Judges, and ODELL HORTON, District Judge.*
 RYAN, Circuit Judge.
 
 
 1
 Plaintiff Kathleen Martin appeals from the district court's order affirming the Secretary's denial of her claim for widow's insurance benefits under the Social Security Act, 42 U.S.C. Sec. 402(e). Because we find that substantial evidence supports the Secretary's finding that plaintiff was not married to the deceased wage earner for at least ten years, we affirm the Secretary's denial of benefits.
 
 
 2
 Plaintiff and the deceased wage earner, Alfred J. Martin, Sr., were married in a civil ceremony in Pennsylvania in June 1956. On January 29, 1962, the marriage ended when Mr. Martin obtained a final decree of divorce in Florida. Mr. Martin died in Florida in January 1965.
 
 
 3
 In August 1984 plaintiff brought this claim for widow's insurance benefits. The claim was denied initially, upon reconsideration, and by an ALJ after a de novo hearing. The ground for the denials was that plaintiff had not been married to Martin for at least ten years, the period required for a surviving divorced spouse to establish eligibility for widow's benefits. 42 U.S.C. Sec. 416(d)(2); 20 C.F.R. Sec. 404.336(a)(2). In March 1986 the Appeals Council remanded the case for an ALJ to determine whether plaintiff could establish that prior to January 29, 1952, she and Martin had entered a valid common-law marriage under Florida or Pennsylvania law.
 
 
 4
 On remand, the ALJ issued a decision denying plaintiff's claim, finding that plaintiff and Martin "did not establish a valid common law marriage before the date of their ceremonial marriage, either under the laws of the State of Florida or the laws of the State of Pennsylvania." In March 1987 the Appeals Council adopted this decision as the final decision of the Secretary. Pursuant to 42 U.S.C. Sec. 405(g), plaintiff appealed the Secretary's denial to the district court, which affirmed the denial. This appeal followed.
 
 
 5
 Under 42 U.S.C. Sec. 405(g), the Secretary's factual findings are conclusive if supported by substantial evidence. Under Florida and Pennsylvania law, three requirements must be met in order to establish a common-law marriage: 1) present assent to marry; 2) general reputation of marriage in the community; and 3) continuous cohabitation. Marden v. Marden, 276 So.2d 493, 494 (Fla.Dist.Ct.App.1973); In re Estate of Rees, 331 Pa.Super. 225, 480 A.2d 327, 328 (Pa.Super.Ct.1984).[1] Plaintiff's own statements of record provide substantial evidence that she did not assent to marry Martin prior to their civil ceremony in 1956. On at least two benefit claims forms, she stated that she was married to Martin by public official in 1956, even though these forms provided space for description of a common-law marriage. In 1965, plaintiff told a federal social worker that she was married in 1956, and she told an Ohio social worker that she was not married when her son was born in 1952. The ALJ could properly have credited these more contemporaneous statements and disbelieved plaintiff's testimony to the contrary.
 
 
 6
 Moreover, substantial record evidence supports the ALJ's finding that plaintiff and Martin did not establish a general reputation of marriage in the community prior to their marriage by civil ceremony in 1956. Plaintiff presented letters from three relatives stating that she and Martin had a general reputation of being married when they lived in Pennsylvania from approximately October 1951 to 1957. However, under Pennsylvania law, proof of reputation "must be general and not confined to a few persons in the immediate neighborhood, as the relationship may be established merely for the purpose of deceiving others." In re Estate of Rees, 480 A.2d at 329. Significantly, plaintiff did not produce, as advised by the Appeals Council in its remand order, additional evidence of reputation such as "tax returns, insurance polic[ies], leases [and] employment records."
 
 
 7
 The judgment of the district court is AFFIRMED.
 
 
 
 *
 The Honorable Odell Horton, Chief District Judge for the Western District of Tennessee
 
 
 [1]
 In cases where proof of the parties' assent is unavailable, the law of both states allows a rebuttable presumption of common-law marriage upon a showing of general reputation and continuous cohabitation. In re Estate of Rees, 480 A.2d at 328; Carter v. Carter, 309 So.2d 625, 628 (Fla.Dist.Ct.App.1975)