FARMER, J.
This is a petition for prohibition from a pending dissolution of marriage case scheduled to begin trial in two days. The husband argues that the trial court lacks subject matter jurisdiction because — • as he puts it — “the parties were never legally married.” He claims the only evidence of a marriage is an “unnotarized, unexecuted, unrecorded, unsealed, and unauthorized photocopy of a purported marriage record.”
Actually, at a hearing on his motion to dismiss the case, the court received several documents in evidence. Petitioner offered records from the Martin County Clerk of the Court and the Florida Department of Health, Office of Vital Statistics, stating that there is no marriage license on record between petitioner and respondent at or-near the date of the alleged marriage. Respondent offered a document entitled “Marriage Record Florida” over petitioner’s hearsay and authentication objections. She also offered an affidavit from the minister who allegedly officiated at a marriage ceremony on December 10, 1983, along with an affidavit from a witness, both of which were to the effect that the parties were in fact married on that date and that *1010 the minister mailed the completed license to the Clerk of Court. She argued that, the original instrument being lost, she was entitled to follow the procedure established by section 741.10, Florida Statutes. The trial court denied the motion without prejudice to the parties to offer testimony on the subject of the lost certificate at trial. Thence this petition for prohibition.
Petitioner is mistaken in an essential respect. Although he characterizes his challenge as involving subject matter jurisdiction, he is mistaken. There can be no dispute that the circuit court has subject matter jurisdiction over cases involving dissolution of marriage. See § 26.012(2)(a), Fla. Stat. (2006) (circuit courts have original jurisdiction in all actions at law not cognizable in the county courts). The fact that petitioner wishes to dispute in the pending dissolution action is whether there was any marriage at all to dissolve. An attack on the validity of an alleged marriage has nothing to do with subject matter jurisdiction but is simply an issue to be determined in the dissolution action. See Marden v. Marden, 276 So.2d 493 (Fla. 4th DCA 1973) (holding that in an action brought by alleged wife for permanent alimony, suit money, attorneys’ fees and restraining order, an issue of fact existed concerning whether a common-law marriage existed, thus precluding summary judgment).
It is true that a petition for a writ of prohibition may properly be used to challenge a trial court’s rejection of a challenge to its subject matter jurisdiction. See English v. McCrary, 348 So.2d 293, 296 (Fla.1977) (“Prohibition is an extraordinary writ, a prerogative writ, extremely narrow in scope and operation, by which a superior court, having appellate and supervisory jurisdiction over an inferior court or tribunal possessing judicial or quasi-judicial power, may prevent such inferior court or tribunal from exceeding jurisdiction or usurping jurisdiction over matters not within its jurisdiction.”). But as the court explained in Mandico v. Taos Construction Inc., 605 So.2d 850 (Fla.1992):
“prohibition may not be used to divest a lower tribunal of jurisdiction to hear and determine the question of its own jurisdiction; nor may it be used to test the correctness of a lower tribunal’s ruling on jurisdiction where the existence of jurisdiction depends on controverted facts that the inferior tribunal has jurisdiction to determine.”
605 So.2d at 854. That is precisely what petitioner is attempting by this petition. The extraordinary writ of prohibition is not available for that purpose.
Because his attack on the validity of the alleged marriage does not present any cognizable defect in the subject matter jurisdiction of the trial court, petitioner has not properly implicated our extraordinary writ jurisdiction. The petition must be, and hereby is

Dismissed.

SHAHOOD, C.J. and WARNER, J., concur.