[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-17256
Non-Argument Calendar
_____

D.C. Docket No. 8:16-cv-02587-MSS-MAP

MELVIN BLOUGH,

Plaintiff-Appellant,

versus

NICK NAZARETIAN,
individually and in his official capacity as a Justice within the
Thirteenth Judicial Circuit in and for Hillsborough County, State of Florida,
TRACY SHEEHAN,
individually and in her official capacity as a Justice within the
Thirteenth Judicial Circuit in and for Hillsborough County, State of Florida,
LAUREL M. LEE,
individually and in her official capacity as a Justice within the
Thirteenth Judicial Circuit in and for Hillsborough County, State of Florida,
MARY ELIZABETH KUENZEL,
individually and in her official capacity as Clerk of the Court in the
District Court of Appeal of the State of Florida Second District,
JOHN A. TOMASINO,
 individually and in his official capacity as Clerk of the Court in the
Supreme Court of the State of Florida,
JAMES S. MOODY, JR.,
individually and in his official capacity as a Justice within the
United States District Court for the Middle District of Florida Tampa Division,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(August 21, 2017)

Before ED CARNES, Chief Judge, MARTIN and ANDERSON, Circuit Judges.

PER CURIAM:

Melvin Blough, proceeding pro se, sued federal District Judge James S. Moody, Jr.; Florida Circuit Court Judges Tracy Sheehan, Laurel Lee, and Nick Nazaretian; Florida Second District Court of Appeal Clerk of Court Mary Elizabeth Kuenzel; and Florida Supreme Court Clerk of Court John Tomasino, asserting claims against them in their individual and official capacities under 42 U.S.C. § 1983 and Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388, 91 S. Ct. 1999 (1971), for violations of his federal civil rights.  The district court dismissed Blough's complaint for failure to state a claim against the defendants on which relief could be granted.  This is Blough's appeal.

I.

Blough's claims arise from events surrounding his Florida state court divorce proceedings.[1] While that divorce case was pending, Blough filed a lawsuit in federal court requesting that the district court issue a declaratory judgment ordering two state court judges to enforce, among other federal statutes, the Uniformed Services Former Spouse's Protection Act, 10 U.S.C. § 1408. Judge Moody presided over that federal case, found that the two state court judges were entitled to judicial immunity, and dismissed Blough's claims against them.

Meanwhile, in the state court divorce proceeding, Blough filed a motion for the court to take judicial notice of the federal statutes (including the Uniformed Services Former Spouse's Protection Act) that he contended preempted Florida divorce law, which Judge Sheehan denied without comment. Blough then filed a motion requesting that Judge Sheehan recuse herself, and she granted that motion.

The divorce case was reassigned to Judge Lee, and Blough filed a motion requesting that Judge Lee reconsider Judge Sheehan's denial of his request for a hearing on his judicial notice motion. Judge Lee denied his motion for reconsideration, and then later recused herself from the case. After the case was reassigned to Judge Nazaretian, Blough filed an emergency motion for

---

[1] Because this is an appeal from a Federal Rule of Civil Procedure 12(b)(6) dismissal, "we draw the facts from [Blough's] complaint, accepting those facts as true and construing them in the light most favorable to [him]." Butler v. Sheriff of Palm Beach Cty., 685 F.3d 1261, 1263 n.2 (11th Cir. 2012).

3

reconsideration of Judge Sheehan's and Judge Lee's denials of his requests for a hearing. Judge Nazaretian denied that motion.

When Judge Nazaretian presided over hearings in the divorce proceeding, he limited the discussion to Florida divorce law and would not permit Blough to argue that federal law preempted state divorce law. At the final hearing in the divorce case, Blough elected to submit written narratives and exhibits in lieu of making a closing argument. When Judge Nazaretian issued the final judgment in the case, the judgment order did not refer to Blough's written narratives or exhibits and it resolved all of the issues under Florida divorce law despite Blough's contentions that federal law governed the case.

## II.

Blough then sued the defendants asserting claims under § 1983 and <u>Bivens</u> for violations of his Fifth and Fourteenth Amendment due process rights. The district court sua sponte dismissed those claims after finding that it lacked jurisdiction over the claims against Judges Sheehan, Lee, and Nazaretian and that Judge Moody was entitled to judicial immunity.[2]

---

[2] It appears that the district court did not give Blough notice of its intent to dismiss his complaint before it entered the dismissal order. While the district court should have first given Blough notice of its intent to dismiss the complaint for failure to state a claim, that failure does not require reversal. The legal inadequacies of Blough's claims against the defendants are apparent from the complaint's allegations and could not be remedied by amending the complaint. See <u>Byrne v. Nezhat</u>, 261 F.3d 1075, 1127 n.99 (11th Cir. 2001), <u>abrogated on other grounds by</u> <u>Bridge v. Phoenix Bond & Indem. Co.</u>, 553 U.S. 639, 128 S. Ct. 2131 (2008) (noting that "reversal of a <u>sua</u> <u>sponte</u> dismissal without notice may not be mandated if amendment [of the

III.

Under the <u>Rooker-Feldman</u> doctrine the district court (and we) lack jurisdiction over Blough's claims against Judges Sheehan, Lee, and Nazaretian. See <u>D.C. Court of Appeals v. Feldman</u>, 460 U.S. 462, 103 S. Ct. 1303 (1983); <u>Rooker v. Fidelity Trust Co.</u>, 263 U.S. 413, 44 S. Ct. 149 (1923). "The doctrine is a jurisdictional rule that precludes the lower federal courts from reviewing state court judgments." <u>Alvarez v. Att'y Gen. for Fla.</u>, 679 F.3d 1257, 1262 (11th Cir. 2012). It is confined to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." <u>Id.</u> The doctrine "operates as a bar to federal court jurisdiction where the issue before the court was inextricably intertwined with the state court judgment" such that "the federal claim would succeed only to the extent that the state court wrongly decided the issues." <u>Id.</u> at 1262–63 (quotation marks omitted).

Blough's claims against Judges Sheehan, Lee, and Nazaretian rely on their alleged failure to recognize that federal law preempted Florida divorce law, which led them to erroneously apply Florida law in his divorce proceedings. Blough asserts in his complaint that as a result of the judges' application of Florida law, he

---

complaint] would be futile or if it is patently obvious that the plaintiff could not prevail") (alteration in original) (quotation marks omitted).

5

was denied his "Fifth and Fourteenth Amendment right to procedural and substantive due process."  Those claims are brought by Blough (a state court loser) who complains of injuries caused by the state court divorce judgment, and those claims would succeed "only to the extent that the state court wrongly decided" the preemption issue.  Alvarez, 679 F.3d at 1262–63.  As a result, the district court properly found that under the Rooker-Feldman doctrine it lacked subject matter jurisdiction over those claims.[3]

As for Blough's claims against Judge Moody, "[j]udges are entitled to absolute judicial immunity from damages for those acts taken while they are acting in their judicial capacity unless they acted in the 'clear absence of all jurisdiction.'" Bolin v. Story, 225 F.3d 1234, 1239 (11th Cir. 2000) (quoting Stump v. Sparkman, 435 U.S. 349, 356–57, 98 S. Ct. 1099, 1105 (1978)).  "This immunity applies even when the judge's acts are in error, malicious, or were in excess of his or her jurisdiction."  Id.  Blough's claims against Judge Moody arise from Judge Moody's finding that Blough's claims against the two state court judges were barred by judicial immunity.  Judge Moody acted in his judicial capacity when he made that finding and dismissed Blough's claims against those two state court

---

[3] While Blough contends that the Rooker-Feldman doctrine does not apply to his claims against Judges Sheehan, Lee, and Nazaretian because those judges lacked jurisdiction to enter the orders that he is challenging on appeal, he is wrong.  See Fla. Stat. § 26.012; see also Dressler v. Dressler, 967 So. 2d 1009, 1010 (Fla. 4th DCA 2007) ("There can be no dispute that the circuit court has subject matter jurisdiction over cases involving dissolution of marriage.").

judges, and his actions were not taken in the "clear absence of all jurisdiction."  As a result, the district court properly found that Judge Moody was entitled to judicial immunity.[4]

**AFFIRMED.**

---

[4] Blough also asserted claims against Mary Elizabeth Kuenzel and John Tomasino, which the district court dismissed for failure to state a claim.  He concedes on appeal that the district court properly dismissed his claims against Kuenzel and Tomasino.