PER CURIAM.
Appellant, plaintiff below, appeals from an order denying her motion to vacate an order of dismissal with prejudice.
The record discloses that appellant filed her complaint against the defendants-appel-lees to which the respective defendants filed motions to dismiss.
These motions were heard on April 13, 1966, at which time appellant’s counsel moved for leave to amend his original complaint. The court by its order of April 18, 1966, granted said motion and gave appellant twenty days within which to amend. Subsequently, on May 10, 1966, counsel for appellant requested and received an oral extension from all counsel for appellees giving them until May 17, 1966, within which to file and serve an amended complaint.
No amended complaint was filed by the plaintiff and on June 3, 1966, appellees filed a motion to dismiss for failure to comply with an order of the court.
On June 6, 1966, the court entered its order dismissing the cause with prejudice for failure of appellant to comply with an order of court, to wit: by either amending her complaint, or timely filing an amended complaint within the specified period.
On June 27, 1966, or forty days after the expiration of the original period for amendment as extended, appellant filed her amended complaint.
Likewise on June 27, 1966, appellant filed her motion to vacate order of dismissal with prejudice pursuant to Rule 1.38(b), now Rule 1.540(b), F.R.C.P., 31 F.S.A.
The motion to vacate was predicated upon the alleged excusable neglect, mistake, inadvertence or surprise of appellant’s counsel.
The court by its order of August 12, 1966, denied the aforesaid motion to vacate filed pursuant to Rule 1.540(b), F.R.C.P. It is this order which is presently before this court for review.
It must be emphasized that the issue of the correctness, or otherwise, of the court’s original order of dismissal with prejudice is not before us for review no timely appeal having been taken therefrom.
Although denial of a motion to vacate a final judgment is appealable, such an appeal will not bring up for review the final judgment sought to be vacated. Odum v. Morningstar, Fla.App.l963, 158 So.2d 776.
Confining ourselves, therefore, to the sole issue which this court has jurisdiction to determine, we must decide whether the trial court abused its discretion in failing to grant appellant’s motion to vacate.
The power of the court to grant relief under Rule 1.540(b), is discretionary and a party has no absolute right to invoke it. It is incumbent upon the moving party to show the existence of adequate grounds to justify the exercise of such power. Butler v. Butler, Fla.App.1965, 172 So.2d 899.
*367 Indeed, this rule is implemented by the exercise of sound judicial discretion as applied to the facts and circumstances of each particular case. Southern Title Research Company v. King, Fla.App.1966, 186 So.2d 539. It is not an unbridled power and may be exercised only within the limits of judicial discretion upon a clear showing of certain special and peculiar circumstances which, when established or admitted, would clearly warrant the alteration of the judgment. Lewis v. Jennings, Fla. 1953, 64 So.2d 275.
The courts of this state have consistently held that mistake, misunderstanding or neglect of counsel is not sufficient grounds for vacating a judgment. See Savage v. Rowell Distributing Corp., Fla.1957, 95 So.2d 415; White v. Spears, Fla.App.1960, 123 So.2d 689; Sun Finance Corp. v. Friend, Fla.App.1962, 139 So.2d 484; Lewis v. Jennings, supra.
The grounds alleged in support of the motion to vacate were that one of appellant’s counsel was of the opinion that the required amendment would be filed by his co-counsel, and that he had been led to believe by said co-counsel that the amendment need not be filed until the latter part of June, 1966.
The motion to vacate was verified by one of plaintiff’s counsel but the record is silent as to why co-counsel allegedly responsible for the amendment failed to file it within the time allowed.
The trial judge in his order of dismissal held the motion insufficient since appellant had failed to establish by either pleading, affidavit or other proof co-counsel’s reasons for failing to file the amendment as required.
It has been held that the physical incapacity of one of two lawyers representing a party does not entitle said party to relief on the grounds of excusable neglect in the absence of a strong showing that other counsel could not have acted for him under the circumstances then existing. Flett v. W. A. Alexander & Company, 7 Cir. 1962, 302 F.2d 321.
In the instant case there is no sufficient showing of mistake, inadvertence, surprise or excusable neglect on the part of both counsel such as would have prevented one of them from filing the amended complaint.
Indeed, the record does not establish why the co-counsel allegedly responsible for filing the amendment failed to do so.
The able trial judge held that in the absence of any pleading or proof establishing grounds sufficient to justify relief under Rule 1.540(b), F.R.C.P., which would be applicable to both counsel, the motion must be denied.
We agree that where a party seeks relief from a judgment pursuant to Rule 1.540(b), F.R.C.P., by reason of mistake, inadvertence, surprise or excusable neglect on the part of counsel, it is necessary to show that the facts and circumstances justifying said relief are applicable to all counsel for said party who have appeared in the case.
We conclude that appellant has failed to demonstrate that such denial constituted an abuse of the trial court’s discretion under the facts and circumstances presented for consideration at the time of hearing on the motion.
All of the foregoing considered the order appealed from is affirmed.
WALDEN, C. J., and GONZALEZ, JOSE A., Jr., Associate Judge, concur.
OWEN, J., dissents, with opinion.