232 So.2d 377 (1970)
Inger ROGERS, Petitioner,
v.
FIRST NATIONAL BANK AT WINTER PARK, a National Banking Association, Frank P. Glackin, Jr., James S. Fortiner and John Bartz, Respondents.
No. 38853.
Supreme Court of Florida.
March 18, 1970.
J. Russell Hornsby and John Edwin Fisher, of Akerman, Senterfitt, Eidson, Mesmer, Robbinson & Wharton, Orlando, for petitioner.
George N. Diamantis and John G. Baker, of Carlton, Fields, Ward, Emmanuel, Smith & Cutler and Fletcher G. Rush and P. Thomas Boroughs, of Rush, Marshall & Bergstrom, Orlando, for respondents.
CARLTON, Justice.
This case involves an application of Rule 1.540(b) F.R.C.P., 31 F.S.A., which relates to relief from judgments, decrees or orders in situations affected by mistake, inadvertence, excusable neglect and the like. We have jurisdiction due to conflict between the decision in this case and decisions rendered by two other District Courts in the cases of Nenow v. Ceilings and Specialities, Inc., 151 So.2d 28 (2nd D.C.A.Fla. 1963), and Sapienza v. Karland, Inc., 154 So.2d 204 (3rd D.C.A.Fla. 1963).
The procedural events occurring below, which are the subject matter of this dispute, are described in the opinion of the District Court, Fourth District, reported at 223 So.2d 365. We present here only an overview of the underlying factual situation as we understand it.
Petitioner-plaintiff was represented by the firm of Hornsby & Salfi in suit for fraud against respondents-defendants. Salfi handled the case. The initial complaint filed by Salfi was defective and he was given 20 days to amend; subsequently by stipulation this was extended another week. While this amendment period was running, the Hornsby & Salfi firm dissolved and Salfi's cases were given to Moran who was associated with Hornsby. About 40 days after the expiration of the amendment period, Moran asked respondent's attorneys for the status of the time stipulation. He *378 was informed that respondent's attorneys had filed a motion to vacate the complaint and that the trial judge had granted the motion by order dismissing the complaint with prejudice. This came as a surprise since the Hornsby firm apparently had never received copies of the respondent's motion to vacate or the dismissal order.
Hornsby then filed motion to vacate the dismissal order and also an amended complaint. Trial court refused to grant the motion because Moran was attorney of record and no affidavit was submitted by him as to why the complaint was not amended in time. Subsequently the firm filed another motion to vacate along with an affidavit by Moran saying that he had been in poor health and had had secretarial problems due to the new working arrangement in the firm. The trial court dismissed the new motion and affidavit. Upon appeal, 4th D.C.A. affirmed 2-1, at 223 So.2d 365. The D.C.A. majority held that the trial court had not abused its discretion; the dissent held it had in light of the fact that copies of the respondent's motion to vacate or the dismissal order were never delivered to the Hornsby firm.
We agree with the dissenting judge. When viewed in its totality, the series of events that transpired below call for a liberal application of Rule 1.540(b), especially since it appears that the rules for notice were not complied with. While our procedural rules provide for an orderly and expeditious administration of justice, we must take care to administer them in a manner conducive to the ends of justice.
The order affirmed by the District Court of Appeal, Fourth District, is reversed and this cause is remanded to that Court for further disposition not inconsistent with this opinion.
It is so ordered.
ERVIN, C.J., and ROBERTS, DREW and ADKINS, JJ., concur.