PER CURIAM.
Final judgment was entered on behalf of plaintiffs (appellees) on May 18, 1970. The court retained jurisdiction in order to enter a cost judgment for plaintiffs.
Defendant filed a motion for rehearing. Counsel for both parties were present when the trial court orally denied the motion for rehearing on July 20, 1970. The written order denying the motion for rehearing was entered July 22, and recorded July 24, 1970. No timely appeal was filed by the defendant. On September 3, 1970, defendant filed a motion for relief from the order denying the motion for rehearing under Rule 1.540(b) (1), R.C.P., 31 F.S.A.
Defendants alleged that they never received a copy of the order denying rehearing; that defendant and his attorney were unaware of the entry of the order until August 31, 1970; that they were entitled to receive a copy of the written order and that defendant desired to appeal from the final judgment. An affidavit was filed by the secretary of the trial judge in which she averred that she mailed copies of the order to the defendant and his attorney, together with an affidavit of plaintiff’s attorney, which essentially corroborated the affidavit of the judge’s secretary. An affidavit was filed by the defendant stating that he had never received a copy of the order denying the motion for rehearing.
In this interlocutory appeal appellants assert excusable neglect under the rule and that the court erred in denying their motion for relief. The rules of practice in the Circuit Court of Dade County, Florida require such orders be submitted to the court within two days after the hearing at which the oral denial of the motion was granted. This was done.
Defendant was an attorney who had been representing himself in these proceedings for over seven years. He had a separate attorney [not appellate counsel] represent him at the hearing on the motion for rehearing, which was orally denied, and the subsequent proceedings. In Kash N’Karry Wholesale Supermarkets, Inc. v. Garcia, Fla.App.1969, 221 So.2d 786, the court made the following pertinent comments:
“At the outset, we observe that appellee’s counsel was patently neglectful. As counsel of record he had a continuing duty to make sure of the current status of the case; particularly is this true as to critical time periods the tolling or running of which could affect his client’s substantive rights. In this case, the mere expedient of checking the court records at least once every nine days would have virtually precluded any possibility of being without notice of the entry of the final summary judgment herein until it was too late to petition for rehearing.”
A trial court is vested with discretion to grant relief in some cases to a party desiring to seek review of a final judgment which was rendered without notice or knowledge. Woldarsky v. Woldarsky, Fla.App.1971, 243 So.2d 629.
We do not find that there has been a clear showing that the trial judge abused his sound judicial discretion in denying the motion for relief and in finding that there was no excusable neglect clearly demonstrated in this cause.
The order herein appealed be and the same is
Affirmed.