381 So.2d 349 (1980)
Robert M. GIBSON et Ux., Appellant,
v.
Sam D. BUICE et al., Appellee.
No. 79-1056/T2-34.
District Court of Appeal of Florida, Fifth District.
March 26, 1980.
*350 Gene H. Auvil, of McGee & Auvil, P.A., Brooksville, for appellant.
Joseph F. Johnston, Jr., Brooksville, for appellee.
SHARP, Judge.
The question posed in this appeal is whether the trial court abused its discretion in denying the appellant's motion for relief, pursuant to Rule 1.540(b) of the Florida Rules of Civil Procedure. We conclude that under the circumstances in this case an abuse of discretion occurred, and that the trial court should have granted the appellant's motion.
The Buices, plaintiffs in the trial court, sought to establish a prescriptive easement over the defendants' lands. After a trial of the matter, the court announced its ruling in favor of the plaintiffs. Plaintiffs' counsel submitted a proposed judgment to the court and to defendants' counsel. The defendants' counsel wrote a letter to the court objecting to specific problems with the judgment. The court signed the final judgment on February 22, 1979, and filed it with the clerk's office on February 23, 1979. However, it failed to mail copies of the judgment to either attorney, nor did it direct anyone else to do so. The judgment contains a notation by the clerk dated February 23, 1979, that no copies were furnished to him.
Upon learning of the entry of the final judgment on March 30, 1979, the defendants' attorney filed a motion for relief from judgment pursuant to Rule 1.540(b) of the Florida Rules of Civil Procedure on the grounds that "mistake or inadvertence" had occurred due to the court's failure to mail copies of the judgment to the parties. Florida Rules of Civil Procedure 1.080(h). In support of the requested relief the defendants' counsel attached to the motion an affidavit alleging he had not received copies of the judgment, nor had he received notice that the judgment was entered from any source or person prior to March 30, 1979. Counsel for the plaintiffs filed a counter-affidavit stating that he told defendants' attorney about the entry of the judgment sometime in early March, while they were passing in the courthouse corridors, attending to other matters. The lower court denied the motion, and the defendants brought this appeal.
Rule 1.540(b) provides:
On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, decree, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; . .
Generally, it is the duty of the trial court to determine whether the facts in each case constitute excusable neglect. Schwab & Co., Inc. v. Breezy Bay, Inc., 360 So.2d 117 (Fla. 3d DCA 1978). Where the excusable neglect relied upon is lack of notice of the rendition of a final judgment and ensuing failure to take a timely appeal, trial courts have discretion to grant relief pursuant to *351 Rule 1.540(b)[1], or pursuant to Rule 1.540(a)[2].
In this case the failure to send the defendants' counsel a copy of the judgment was caused by the trial court's disregard of Rule 1.080(h)(1) which provides:
A copy of all orders or judgments shall be transmitted by the court or under its direction to all parties at the time of entry of the order or judgment.
Neither plaintiff nor defendant received a copy. Therefore Rule 1.540(b) should be liberally applied here. "While our procedural rules provide for an orderly and expeditious administration of justice, we must take care to administer them in a manner conducive to the ends of justice." Rogers v. First National Bank at Winter Park, 232 So.2d 377, 378 (Fla. 1970).
Kash N' Karry Wholesale Supermarkets, Inc. v. Garcia, 221 So.2d 786 (Fla. 2d DCA 1969) and Bennett v. Halper, 248 So.2d 522 (Fla. 3d DCA 1971) are distinguishable from this case because the secretary of the judge in Bennett and the secretary to the opposing counsel in Kash N' Karry alleged they mailed conformed copies of the judgments to the party seeking to take an appeal belatedly. Further, both of those cases predate Rule 1.080(h)(1).
Here, the only allegation which tended to show notice by defendants' counsel of the "rendition" of the final judgment was a passing conversation in the courthouse when the attorneys were attending to other matters. It is not inconceivable that both affidavits were true. The plaintiffs' attorney told the defendants' attorney about the judgment being entered, but the defendants' attorney did not hear him, or misunderstood what he said. Such informal conversations are no substitute for the formal notice requirement imposed by Rule 1.080(h)(1).
For the reasons stated in this opinion, we reverse and vacate the trial court's order, and remand this cause to the trial court for entry of an order as authorized by Rule 1.540(b), which will provide the appellant with an avenue for a direct appeal.
REVERSED and REMANDED.
ORFINGER and COBB, JJ., concur.
NOTES
[1] Smith v. Garst, 289 So.2d 774 (Fla. 2d DCA 1974) and Woldarsky v. Woldarsky, 243 So.2d 629 (Fla. 1st DCA 1971).
[2] Town of Hialeah Gardens v. Hendry, 376 So.2d 1162 (Fla. 1979).