776 So.2d 359 (2001)
Henry T. BLACKSTOCK, Appellant,
v.
Neva J. BLACKSTOCK, Appellee.
No. 1D00-1830.
District Court of Appeal of Florida, First District.
January 31, 2001.
Henry Blackstock, pro se, appellant.
Terroll J. Anderson of Patterson, Bond & Latshaw, Jacksonville Beach, for appellee.
PER CURIAM.
Henry Blackstock appeals an order which was signed and dated by the trial judge on March 21, 2000. His notice of appeal was filed on April 20, 30 days afterwards and apparently the final day to timely invoke this court's jurisdiction. Appellee moves to dismiss the appeal for lack of jurisdiction, showing that the order was, in fact, rendered by filing with the clerk on March 20, 2000, and therefore the notice of appeal was one day late. Mr. Blackstock responds in opposition, arguing that he should be entitled to rely on the date appearing on the order.
As our jurisdiction was not timely invoked, we dismiss the appeal for lack of jurisdiction. The dismissal, however, is without prejudice to appellant's right to move the trial court for relief from judgment in accordance with Florida Rule of Civil Procedure 1.540(b). See Snelson v. Snelson, 440 So.2d 477 (Fla. 3rd DCA 1983); Gibson v. Buice, 381 So.2d 349 (Fla. 5th DCA 1980) (dismissing appeal without prejudice to this remedy where appellant alleged order to be appealed was not received until after the 30 days for filing notice of appeal had expired). This will allow the trial court to resolve any material factual disputes, including whether appellant had notice of the actual rendition date of the order. Depending on its findings of fact and conclusions of law, the *360 court may find it appropriate to re-enter the order so that Mr. Blackstock can timely appeal. Snelson.
APPEAL DISMISSED WITHOUT PREJUDICE.
MINER, ALLEN and WEBSTER, JJ, concur.