972 So.2d 275 (2008)
DAVID M. DRESDNER, M.D., P.A., a Florida professional service corporation, Appellant/Cross-Appellee,
v.
The CHARTER OAK FIRE INSURANCE COMPANY, a foreign corporation, Appellee/Cross-Appellant.
Nos. 2D05-5457, 2D05-5613.
District Court of Appeal of Florida, Second District.
January 18, 2008.
*276 George A. Vaka and Nancy Lauten of Vaka, Larson & Johnson, P.L., Tampa; Brad Salter of Law Office of Brad Salter, P.A., St. Petersburg; and Bernard Kanner, St. Petersburg, for Appellant/Cross-Appellee.
Denise V. Powers of Denise V. Powers, P.A., Coral Gables; and Rebecca G. Casagrande of Casagrande & Associates, P.A., St. Petersburg, for Appellee/Cross-Appellant.
PER CURIAM.
In this appeal we are asked to decide whether a trial court may vacate an earlier order or judgment and then reenter the same order or judgment to allow a party to perfect an appeal when the party previously failed to file a timely notice of appeal as a result of lawyer error amounting to excusable neglect. We conclude that the trial court does not have the authority to relieve a party of the consequences of his or her lawyer's mistake under these circumstances, even though the lawyer's error may be excusable. It follows that a trial court is precluded from setting aside an earlier order or judgment and reentering it to permit a party to perfect an appeal under these circumstances. Accordingly, we reverse the trial court's order in this case that granted such relief under rule 1.540(b) of the Florida Rules of Civil Procedure. The reversal of that order compels the conclusion that the notice of appeal that the losing party filed after the entry of the second order was untimely filed. Consequently, we dismiss that appeal for lack of jurisdiction. We affirm a separate final judgment for attorney's fees and costs.

THE PROCEDURAL BACKGROUND
In August 2002, David M. Dresdner, M.D., P.A. (Dr. Dresdner), filed an action *277 against The Charter Oak Fire Insurance Company (Charter Oak) on a business owner's insurance policy. Dr. Dresdner sought reimbursement for the loss of medical supplies valued at $125,285.82, less the applicable $500 deductible. Charter Oak contested Dr. Dresdner's claim on the policy. After a bench trial, the trial court entered a "Non-Jury Trial Verdict" in favor of Charter Oak and against Dr. Dresdner. On February 25, 2005, the trial court entered a final judgment in favor of Charter Oak.
After the entry of the final judgment, Dr. Dresdner timely served a "Motion for New Trial and Motion for JNOV."[1] The timely service of this motion postponed rendition of the adverse final judgment. Fla. R.App. P. 9.020(h). On April 6, 2005, the trial court entered an order denying Dr. Dresdner's motion for new trial. Therefore, to appeal the final judgment in favor of Charter Oak, Dr. Dresdner was obligated to file a notice of appeal with the trial court on or before Friday, May 6, 2005. Fla. R.App. P. 9.110(b). Unfortunately, a legal assistant employed by Dr. Dresdner's appellate lawyer apparently failed to calendar the deadline for filing the notice of appeal. As a result, Dr. Dresdner's notice of appeal of the final judgment was not filed with the trial court until Monday, May 9, 2005. Thus the notice of appeal was filed one day late. On July 13, 2005, this court dismissed Dr. Dresdner's first appeal for lack of jurisdiction because the notice of appeal was not timely filed.
After his first appeal was dismissed, Dr. Dresdner filed a motion for relief from judgment in the trial court under the provisions of rule 1.540(b) seeking to vacate the April 6, 2005, order denying the motion for new trial. In the motion, Dr. Dresdner alleged, in pertinent part, "[t]hat because of mistake, inadvertence and/or excusable neglect, the Notice of Appeal did not get calendared and, as such, the Notice of Appeal was not timely filed." The motion was supported by several affidavits that detailed the series of events that led to the late filing of the notice of appeal. The motion concluded by asking the trial court "to enter an order setting aside the April 6, 2005[,] Order reentering the Order with the present date and allowing [Dr. Dresdner] to go forward with the planned appeal."
On October 5, 2005, the trial court entered an order granting Dr. Dresdner's rule 1.540(b) motion. In its order, the trial court found that Dr. Dresdner "ha[d] demonstrated excusable neglect to grant the relief requested." The order vacated the trial court's prior order of April 6, 2005, and reentered the order denying Dr. Dresdner's motion for new trial without any substantive change. On the same day, the trial court entered a separate final judgment awarding Charter Oak $36,021 in attorney's fees and $3000 costs against Dr. Dresdner. The attorney's fee award was based on a proposal for settlement under section 768.79, Florida Statutes (2001), and rule 1.442 of the Florida Rules of Civil Procedure.
On October 26, 2005, Dr. Dresdner filed a notice of appeal from the final judgment entered on February 25, 2005, and the separate final judgment for attorney's fees and costs entered on October 5, 2005. This court designated Dr. Dresdner's second appeal as case number 2D05-5457. Charter Oak timely appealed the order granting relief from judgment that vacated and then reentered the order denying Dr. Dresdner's motion for new trial. This *278 court assigned case number 2D05-5613 to Charter Oak's appeal. Dr. Dresdner's second appeal and Charter Oak's appeal were subsequently consolidated, and Charter Oak's appeal is treated as a cross-appeal.

DISCUSSION
A. Approaching the Issues
On its face, Dr. Dresdner's second notice of appeal from the adverse final judgment entered on February 25, 2005, is timely, based on a rendition date of October 5, 2005. However, the timeliness of Dr. Dresdner's appeal of that final judgment depends on the validity of the trial court's order of October 5, 2005, that is challenged by Charter Oak on its cross-appeal. In effect, that order purports to change the rendition date of the February 25, 2005, final judgment on the merits from April 6, 2005, to October 5, 2005. Therefore, we are required to address first Charter Oak's cross-appeal because of its potential impact on Dr. Dresdner's appeal of the February 25, 2005, final judgment.
B. Charter Oak's Cross-Appeal (Case No. 2D05-5613)
Charter Oak argues on its cross-appeal that the trial court erred in using rule 1.540(b) as a vehicle to circumvent the jurisdictional requirement that a notice of appeal be timely filed. In considering this argument, we begin by reviewing the relevant statute and rules of court. Section 59.081, Florida Statutes (2004), addresses the subject of the time for invoking the appellate jurisdiction of any court. The statute provides:
(1) The time within which and the method by which the jurisdiction of any court in this state possessed of power to review the action of any other court, commission, officer or bureau may be invoked by appeal, certiorari, petition for review or other process by whatever name designated, and the manner of computing such time shall be prescribed by rule of the Supreme Court.
(2) Failure to invoke the jurisdiction of any such court within the time prescribed by such rules shall divest such court of jurisdiction to review such cause.
Id. In accordance with the statutory plan, the Supreme Court of Florida has promulgated a rule requiring thatin order to be timelya notice of appeal of a final judgment in a case such as this one must be filed within thirty days of the rendition of the order to be reviewed. Rule 9.110(b) of the Florida Rules of Appellate Procedure provides:
(b) Commencement. Jurisdiction of the court under this rule shall be invoked by filing 2 copies of a notice, accompanied by filing fees prescribed by law, with the clerk of the lower tribunal within 30 days of rendition of the order to be reviewed.
Under the rule, a timely notice of appeal must be filed within thirty days of the rendition of the order to be reviewed in order for the appellate court to have jurisdiction. See Hawks v. Walker, 409 So.2d 524, 525 (Fla. 5th DCA 1982). "Under Rule 9.110, the `[f]ailure to file any notice within the 30-day period constitutes an irremediable jurisdictional defect.'" Miami-Dade County v. Peart, 843 So.2d 363, 364 (Fla. 3d DCA 2003) (alteration in original) (quoting First Nat'l Bank in Fort Myers v. Fla. Unemployment Appeals Comm'n, 461 So.2d 208, 208 (Fla. 1st DCA 1984)).
A review of the relevant rules of court also requires us to consider whether the rules authorize a trial court to extend the time for the filing of a notice of appeal. Rule 1.090(b) of the Florida Rules of Civil Procedure grants the trial court broad authority *279 to enlarge the time for acts required to be done or allowed to be done under those rules. However, rule 1.090(b) specifically provides that the trial court "may not extend the time for . . . taking an appeal or filing a petition for certiorari." See In the Interest of T.D., 623 So.2d 851, 852 (Fla. 1st DCA 1993) (holding that a trial court has no authority under rule 1.090(b) to extend the time for taking an appeal); see also Hayman v. State, 634 So.2d 1097, 1098 (Fla. 2d DCA 1994) (holding that the trial court in a criminal case had no power to extend the time for the filing of a notice of appeal). It follows that the trial court in this case had no general authority to extend the time for Dr. Dresdner to file his notice of appeal.
However, in Dr. Dresdner's case, the trial court did not rely on rule 1.090(b) to extend the time for Dr. Dresdner to file his notice of appeal. Instead, the trial court vacated its April 6, 2005, order denying Dr. Dresdner's motion for new trial and reentered that order without substantive change on October 5, 2005. The effect of vacating and then reentering the order denying the motion for new trial was to postpone rendition of the February 25, 2005, final judgment that Dr. Dresdner wished to appeal. The trial court took this action under the authority of rule 1.540(b) based on its finding of excusable neglect by Dr. Dresdner's appellate lawyer in calendaring the deadline for filing the first notice of appeal. Therefore, our task is to decide whether the trial court could vacate its earlier order under rule 1.540(b) and reenter it to permit Dr. Dresdner to perfect his appeal based on a finding of lawyer error amounting to excusable neglect.
In this regard, Charter Oak has directed our attention to a Third District decision involving similar facts. In Thermoplastic & Signs, Inc. v. Metropolitan Dade County, 746 So.2d 1140 (Fla. 3d DCA 1999), the appellant sought review in the Third District of an order of the circuit court acting in its appellate capacity. Id. at 1141. The appellant had failed to file its notice of appeal within thirty days of the rendition of the order to be reviewed because it had sent the notice of appeal and the filing fee to the wrong place. Id. The appellant subsequently filed a "Motion to Set Aside Mandate and Re-Date Order" in the circuit court. Id. The circuit court granted the motion and reentered a second order with language identical to the first order that the appellant had attempted to appeal. Id. Then the appellant timely filed a notice of appeal from the second order. Id.
On review in the Third District, that court treated the appellant's notice of appeal as a petition for writ of certiorari and dismissed it as untimely. Id. The Third District explained:
The circuit court's republication of its denial of certiorari without any change in substance from the original final order did not accomplish the circuit court's goal of providing an extension of time for filing for review. As this court has held, the mere fact that a judgment previously entered has been reentered or revised in an immaterial way does not toll the time within which review must be sought. See B.G. Leasing, Inc. v. Heider, 372 So.2d 184 (Fla. 3d DCA 1979). The notice of appeal having been filed more than thirty days after rendition of the original final order, we lack jurisdiction over it.
Id. In a similar case, the Fourth District affirmed a trial court order that had denied relief under rule 1.540(b) where the late filing of the appellant's notice of appeal resulted from an error committed by the appellant's lawyer. See Feinberg v. Feinberg, 410 So.2d 517, 518 (Fla. 4th DCA 1981).
*280 In this case, Dr. Dresdner does not contend that the trial court had the authority to extend the time for the filing of his notice of appeal. Instead, Dr. Dresdner relies on a line of cases that he says stands for the proposition "that a party has a right to seek relief from judgment as a pre-requisite [sic] to seeking an appeal." Dr. Dresdner urges us to affirm the circuit court's October 5, 2005, order granting his 1.540(b) motion because there has been no showing that the circuit court abused its discretion.[2]
However, the cases on which Dr. Dresdner relies all involve situations in which a party's ability to file a notice of appeal in a timely manner was stymied or hindered by action attributable to the trial court or the clerk. See, e.g., Schultz v. Time Warner Entm't Co., 906 So.2d 297, 299 (Fla. 5th DCA 2005) (approving the grant of relief under rule 1.540(b) where the appellant's late filing of the notice of appeal was caused by an error in the clerk's office); Pompi v. City of Jacksonville, 872 So.2d 931, 933 (Fla. 1st DCA 2004) (reversing a denial of relief under rule 1.540(b) where the appellate lawyer and his secretary were misled concerning the rendition date of the order to be appealed by a clerk's stamp that was difficult to read and by misinformation concerning the rendition date furnished to the secretary by an employee in the clerk's office); Rosso v. Golden Surf Towers Condo. Ass'n, 711 So.2d 1298, 1300 (Fla. 4th DCA 1998) (holding that the trial court abused its discretion in denying a motion to vacate under rule 1.540(b) where the moving party did not receive a copy of the order until it was too late to file a notice of appeal). Unlike Thermoplastic and Feinberg, the late filing of the appellants' notices of appeal in these cases resulted from trial court or clerk errors that were beyond the control of the appellants and their respective lawyers. Thus the rationale of the decisions favorable to the late-filing appellants in these and similar cases is one of fundamental fairness.
This principle is stated explicitly in Gibson v. Buice, 381 So.2d 349 (Fla. 5th DCA 1980). In Gibson, the trial court omitted to mail to counsel for either party a copy of a final judgment. Id. at 350. By the time counsel for the defendant received a copy of the judgment that was adverse to his client, it was too late to file a notice of appeal. Id. The defendant filed a motion for relief under rule 1.540(b), but the trial court denied the motion. Id. On appeal, the Fifth District reversed the order denying relief to the defendant. Id. at 351. The Fifth District explained its decision as follows:
Neither plaintiff nor defendant received a copy [of the judgment]. Therefore Rule 1.540(b) should be liberally applied here. "While our procedural rules provide for an orderly and expeditious administration of justice, we must take care to administer them in a manner conducive to the ends of justice." Rogers v. First National Bank at Winter Park, 232 So.2d 377, 378 (Fla.1970).
Id. Thus the Fifth District suggests in Gibson that to deny relief to a party who has lost the right to appeal as a result of *281 action attributable to the trial court would be inconsistent with due process of law.
However, in Dr. Dresdner's case, as in Thermoplastic and Feinberg, considerations of fundamental fairness and due process of law are not implicated. Neither the trial court nor the clerk thwarted Dr. Dresdner's plan to perfect an appeal from the February 25, 2005, final judgment. Instead, the series of events that led to the late filing of Dr. Dresdner's first notice of appeal originated in the office of his appellate counsel. It follows that the decisions in Schultz, Pompi, Rosso, and similar cases are inapposite here.
For these reasons, the trial court erred in granting Dr. Dresdner's 1.540(b) motion. We reverse the October 5, 2005, order that vacated the April 6, 2005, order denying Dr. Dresdner's motion for new trial and reentered it without substantive change. On remand, the trial court shall deny the rule 1.540(b) motion; vacate its October 5, 2005, order denying the motion for new trial; and reinstate the April 6, 2005, order denying the motion for new trial.
C. Dr. Dresdner's Appeal (Case No. 2D05-5457)
Although it appears that Dr. Dresdner's appeal of the adverse final judgment on his insurance claim against Charter Oak lacks merit, we decline to address the merits of his appeal of that final judgment because we lack jurisdiction to do so. Because we reverse the October 5, 2005, order on Charter Oak's cross-appeal, Dr. Dresdner's appeal of the February 25, 2005, final judgment is now untimely. Accordingly, we dismiss Dr. Dresdner's appeal of that final judgment for lack of jurisdiction.
With the dismissal of Dr. Dresdner's appeal of the February 25, 2005, final judgment, the only matter remaining to be disposed of is the separate final judgment in favor of Charter Oak for attorney's fees and costs that was entered on October 5, 2005. Dr. Dresdner's second notice of appeal of this separate final judgment was timely filed. However, Dr. Dresdner has omitted to address the issue of the final judgment for attorney's fees and costs in his initial brief. Since Dr. Dresdner has failed to argue the point, we deem any potential issue pertaining to the final judgment for attorney's fees and costs in favor Charter Oak to have been waived or abandoned. See City of Miami v. Steckloff, 111 So.2d 446, 447 (Fla.1959); Polyglycoat Corp. v. Hirsch Distribs., Inc., 442 So.2d 958, 960 (Fla. 4th DCA 1983). Accordingly, we affirm the final judgment for attorney's fees and costs in favor of Charter Oak.
Affirmed in part, reversed in part, dismissed in part, and remanded with directions.
STRINGER and WALLACE, JJ., Concur.
CASANUEVA, J., Concurs in result only.
NOTES
[1] Because Dr. Dresdner's action against Charter Oak was heard without a jury, this motion should have been designated as a motion for rehearing. Fla. R. Civ. P. 1.530(a).
[2] We agree that Dr. Dresdner presented competent, substantial evidence to the trial court from which the trial court could properly conclude that the late filing of the first notice of appeal resulted from a secretarial oversight in calendaring the deadline for filing the notice. A secretarial or clerical oversight that results in a missed filing deadline may constitute excusable neglect. See, e.g., State, Dep't of Transp. v. Southtrust Bank, 886 So.2d 393, 396 (Fla. 1st DCA 2004); Al Hendrickson Toyota, Inc. v. Yampolsky, 695 So.2d 948, 948 (Fla. 4th DCA 1997); Fla. Aviation Acad. v. Charter Air Ctr., Inc., 449 So.2d 350, 353 (Fla. 1st DCA 1984).