PER CURIAM.
 

 B.K. appeals the trial court’s order denying his petition for writ of habeas corpus by which he sought to challenge the trial court’s permanency order rendered on February 15, 2008
 
 nunc pro tunc
 
 November 20, 2006. Appellant contends that he was denied due process of law because he did not receive notice of the November 20, 2006 permanency hearing, and was not afforded the right to be present or represented by counsel at that hearing. The trial court denied the petition because it found that the February 15, 2008 order reflected “that the father was represented [by counsel] during the course of the proceedings leading to the guardianship.”
 

 Our review of the record confirms appellant’s assertion that he was neither provided notice of the November 20 hearing, nor present or represented by counsel at that hearing. Further, the record reflects that, although appellant had been represented by counsel at a September 28, 2005 hearing in this proceeding, such counsel was discharged on February 9, 2006,
 
 nunc pro tunc
 
 September 28, 2005. The record reflects obvious and understandable confusion at the November 20 hearing because the hearing concerned two children, siblings, K.K. and J.K., Jr. Appellant is the father of K.K. and appellant’s brother, J.K., is the father of J.K., Jr. J.K. was present at the hearing and was represented by counsel. The permanency order closed the case as to both children.
 

 In
 
 M.W. v. Department of Children & Families,
 
 769 So.2d 513 (Fla. 1st DCA 2000), we explained that
 

 the habeas remedy ... is analogous to a motion for relief from judgment in accordance with Florida Rule of Civil Procedure 1.540(b) which may be used when a party to a civil action seeks to excuse the untimely filing of a notice of appeal on the theory that it did not timely receive a copy of the order sought to be appealed. In that circumstance, if the trial court finds the motion to be well-taken it should vacate the original order and re-enter it so that the adversely affected party may appeal. If the 1.540(b) motion is denied, that order may be appealed.
 
 See Gibson v. Buice,
 
 381 So.2d 349 (Fla. 5th DCA 1980)....
 

 Pursuant to
 
 M.W.,
 
 we REVERSE and REMAND for further proceedings consistent with this opinion.
 

 HAWKES, C.J., VAN NORTWICK and BROWNING, JJ., concur.