14 So.3d 1240 (2009)
In the Interest of A.W.P., JR., a child.
A.W.P., Sr., Appellant,
v.
Department of Children and Family Services, Appellee.
No. 2D09-312.
District Court of Appeal of Florida, Second District.
July 1, 2009.
*1241 A.W.P., Sr., pro se.
Bill McCollum, Attorney General, Tallahassee, and Kelley Schaeffer, Assistant Attorney General, Tampa, for Appellee.
FULMER, Judge.
A.W.P., Sr., the Father, appeals a circuit court order entered on November 19, 2008, denying his motion for relief from judgment and his motion for rehearing in a dependency proceeding involving his son. We conclude that this court does not have jurisdiction to review a portion of the order, and we affirm the remaining portion of the order.
In October 2007, the child's mother died in a car accident. On November 2, 2007, a counselor at the child's school filed an emergency verified petition for determination of dependency and for order granting temporary injunction. The petition alleged that the child had been declared dependent as to the Father in 1995 and that the Fathera convicted felon who was now living in New Orleansplanned on taking the child back to New Orleans with him. The petition requested the court to declare the child dependent and to appoint the counselor as the temporary custodian. On November 2, 2007, the circuit court entered an order reactivating protective services and sheltering the dependent child. The order set a status hearing for November 9, 2007.
At the November 9, 2007, hearing, the Father appeared by telephone. On the same date, the circuit court entered an order modifying temporary legal custody from the counselor to another nonrelative. The order permitted supervised visits by the Father. The order also stated that the child "shall continue to be dependent."
The Father attempted to appeal the November 9, 2007, order, but his notice of appeal was untimely filed. He alleged that he had not received a copy of the order in time for him to file a timely notice of appeal; therefore, this court dismissed his appeal without prejudice to his right to seek relief in the circuit court under Florida Rule of Civil Procedure 1.540(b). See A.W.P., Sr. v. Dep't of Children & Family Servs., 973 So.2d 1133 (Fla. 2d DCA 2008) (unpublished table decision). On February 12, 2008, the Father filed in the circuit court a motion for relief from judgment *1242 from the November 9, 2007, order, citing rule 1.540 and Florida Rule of Juvenile Procedure 8.270, the rule applicable to motions for relief from orders in dependency cases.
In the meantime, the child's school counselor filed a motion to modify physical custody. The circuit court held a hearing on the counselor's motion on January 17, 2008, and the Father failed to appear at that hearing. On that same date, the circuit court entered an order modifying placement once again. The Father filed a motion for rehearing, claiming that he had not been given an opportunity to appear telephonically at the January 17, 2008, hearing.
On February 19, 2008, the circuit court held a hearing on the Father's motion for relief from judgment and his motion for rehearing. The circuit court orally denied the motions and entered a written order denying the motions on November 19, 2008, nunc pro tunc to February 19, 2008. The Father now seeks review of that November 19, 2008, order.
We note that as a result of the Father's most recent related proceeding in this court, A.W.P., Sr. v. Department of Children & Family Services, 10 So.3d 134 (Fla. 2d DCA 2009), the circuit court entered an order on April 8, 2009, modifying the Father's visitation. The order allows the Father unsupervised visits with the child at his present boarding school in Indiana, at the Father's home in Louisiana upon an approved home study, and with the child's current Hillsborough County placement.
The Father makes several arguments on appeal, and the Department of Children and Family Services concedes error on all of them. However, we do not have jurisdiction over a portion of the order being appealed. The notice of appeal of the January 17, 2008, order was not filed until December 14, 2008. The motion for rehearing of the January 17, 2008, order did not toll the time to file a notice of appeal of the January 17, 2008, order. See Fla. R. Juv. P. 8.265(b)(3) ("A motion for rehearing shall not toll the time for the taking of an appeal."). In addition, in C.V. v. Department of Children & Family Services, ___ So.3d ___, ___ (Fla. 2d DCA 2009), this court held "that the orders entered in dependency proceedings after the entry of the order adjudicating dependency and before an order terminating supervision or jurisdiction are not appealable pursuant to [Florida Rule of Appellate Procedure] 9.130(a)(4)." See also A.W.P., Sr., 10 So.3d at 135 ("The father seeks review of a nonfinal order entered after a dependency adjudication. This proceeding does not fall within the appeal of nonfinal orders authorized in [rule] 9.130(a)."). The January 17, 2008, order is a nonfinal order that is not appealable under rule 9.130(a). Furthermore, the issue of placement arising from the January 17, 2008, order is moot because the child's temporary placement was modified by a subsequent order. Therefore, we decline to treat this proceeding as a petition for writ of certiorari. See C.V., ___ So.3d at ___ (noting that nonfinal orders in dependency cases may be reviewed by certiorari but declining to treat the proceeding as a petition for writ of certiorari).
As to the portion of the November 19, 2008, order denying the Father's motion for relief from the November 9, 2007, order, this court has jurisdiction pursuant to rule 9.130(a)(5), which provides that "[o]rders entered on an authorized and timely motion for relief from judgment are reviewable by the method prescribed by this rule." Rule 8.270(a) provides for relief from "[c]lerical mistakes in judgments, orders, or other parts of the record and errors therein arising from oversight or omission." Rule 8.270(b) also provides for *1243 relief from "an order, judgment, or proceeding" for several reasons, including "excusable neglect." These provisions provide an avenue of relief for a party who was prevented from filing a timely notice of appeal of a judgment or order because the party did not receive notice of the judgment or order. See Gibson v. Buice, 381 So.2d 349, 350 (Fla. 5th DCA 1980).
We affirm the circuit court's denial of the Father's motion for relief from judgment because it was based on his alleged inability to file a timely notice of appeal of the November 9, 2007, order and that order is a nonfinal order that is not appealable. See C.V., ___ So.3d at ___. Furthermore, the November 9, 2007, order dealt primarily with visitation and the child's placement. These issues are now moot because the Father has been given unsupervised visitation and the child's placement has since changed. The Father challenges the reactivation of supervision by the Department on the basis that he was not provided notice or an opportunity to be heard, but the reactivation of supervision was a result of the November 2, 2007, order, not the November 9, 2007, order.
Dismissed in part and affirmed in part.
DAVIS and SILBERMAN, JJ., Concur.