CASANUEVA, Chief Judge.
 

 James Boelter appeals an order denying his motion to vacate the denial of his motion for rehearing pursuant to Florida Family Law Rule of Procedure 12.540 and Florida Rule of Civil Procedure 1.540. Because the trial court’s mistakes and failure to timely and appropriately notify Mr. Boelter of its order denying his motion for rehearing eliminated Mr. Boelter’s ability to timely appeal a final judgment of dissolution, we reverse the order on appeal and remand for the.trial court to .grant relief.
 

 Mr. Boelter timely filed a motion for rehearing of a final judgment of dissolution. The trial court filed an order denying the motion for rehearing with the circuit court clerk but mailed Mr. Boelter’s attorney an order purporting to grant the motion for rehearing insofar as it ordered him to set a date for a hearing. When the trial court later discovered the error, it placed the correct order in Mr. Boelter’s attorney’s “internal communications box” that he maintained at the Hillsborough County Clerk’s branch office in Plant City. That order had a note attached to it from the judicial assistant that said, “This is a correct copy — previous order ‘granting’ was sent in error. Sorry.” The trial court never mailed Mr. Boelter’s attorney the correct order. By the time Mr. Boelter’s attorney discovered the correct order in his internal communications box, the time to appeal the final judgment of dissolution had lapsed.
 

 Mr. Boelter’s attorney then filed a motion to vacate the order denying the motion for rehearing pursuant to rule 1.540(b)(1). He argued that a timely motion for rehearing tolled the rendition of the final judgment of dissolution, so the time for him to file a notice of appeal began when the trial court filed the order denying the motion for rehearing. Because he was innocently unaware of the order denying the motion for rehearing until he checked his box, his time to appeal the final judgment of dissolution lapsed without his knowledge. He requested that the trial court vacate the order denying his motion for rehearing and reenter the same so that he could timely appeal the final judgment of dissolution. The trial court denied the motion, finding that Mr. Boel-ter’s motion for rehearing did not toll the time for him to appeal his final judgment
 
 *1284
 
 of dissolution and thus no harm occurred from the trial court’s error.
 

 “Our standard of review of an order ruling on a motion for relief from judgment filed under Florida Rule of Civil Procedure 1.540(b) is whether there has been an abuse of the trial court’s discretion.”
 
 J.J.K. Int’l, Inc. v. Shivbaran,
 
 985 So.2d 66, 68 (Fla. 4th DCA 2008) (quoting
 
 Snipes v. Chase Manhattan Mortg. Corp.,
 
 885 So.2d 899, 900 (Fla. 5th DCA 2004)).
 

 We hold that the trial court abused its discretion in this case. Rule 1.540(b) provides that “[o]n motion and upon such terms as are just, the court may relieve a party or a party’s legal representative from a final judgment, decree, order, or proceeding for ... mistake, inadvertence, surprise, or excusable neglect....” “The type of mistake envisioned by rule 1.540(b) ‘is the type of honest and inadvertent mistake ma,de in the ordinary course of litigation, usually by the Court itself, and is generally for the purpose of “setting the record straight.” ’ ”
 
 Progressive Plumbing, Inc. v. Dixie Constr. Prods.,
 
 912 So.2d 646, 647 (Fla. 5th DCA 2005) (quoting
 
 Danner v. Danner,
 
 206 So.2d 650, 654 (Fla. 2d DCA 1968)). Here, the trial court mistakenly sent Mr. Boelter an erroneous order granting the motion for rehearing, then exacerbated that mistake by delivering the correct order to an internal communications box at a circuit court clerk branch office rather than serving it in a manner authorized by Florida Family Law Rule of Procedure 12.080 or Florida Rule of Civil Procedure 1.080. Lack of timely notice of a ruling due to the court’s mistake is grounds for relief from judgment under rule 1.540(b).
 
 See Gibson v. Buice,
 
 381 So.2d 349, 351 (Fla. 5th DCA 1980) (holding that the trial court should have granted a motion for relief from judgment when it was the trial court’s failure to serve the defendant with notice of the final judgment as required by rule 1.080(h)(1) that prevented the defendant from timely appealing);
 
 Snelson v. Snelson,
 
 440 So.2d 477, 477 (Fla. 5th DCA 1983) (dismissing an untimely appeal without prejudice to the appellant filing a motion in the trial court under rule 1.540(b) “to set aside the order where no notice of its entry was given the parties, coupled with a request that a new order be entered so that the right of appeal is preserved”). Additionally, we note that the failure to properly notice a party of a ruling may adversely affect that party’s right to due process.
 

 Further, the trial court erroneously found that Mr. Boelter’s motion for rehearing did not toll rendition of the final judgment of dissolution. Florida Rule of Appellate Procedure 9.020(h) states that a final order shall not be deemed rendered until the filing of a signed, written order disposing of an authorized and timely motion for rehearing. The trial court incorrectly relied upon rule 9.130(a)(5) which relates to motions for rehearing directed to orders on motions for relief from judgment. Mr. Boelter’s motion for rehearing was directed to the final judgment of dissolution, só rule 9.130(a)(5) does not apply.
 

 Because it was the trial court’s mistake, inadvertence, or excusable neglect that ultimately prevented Mr. Boelter from exercising his right to appeal, the trial court abused its discretion in denying the motion for relief from judgment.
 
 See Gibson,
 
 381 So.2d at 350. Accordingly, we reverse the order denying the motion to vacate and remand for entry of an order granting the requested relief to provide Mr. Boelter “with an avenue for direct appeal.”
 
 Id.
 

 Reversed and remanded.
 

 ALTENBERND and KELLY, JJ., Concur.