SHEPHERD, J.
This is an appeal by DTRS Intercontinental Miami, LLC, the owner of a hotel located in Miami, Florida, from an order denying it immediate possession of commercial space in the hotel leased to A.K. Gift Shop, Inc., entered upon the failure of A.K. Gift Shop to comply with an “Agreed Order Directing Tenant to Pay Rent Into Registry of Court Pursuant to § 83.232, Florida Statutes.” The order, signed by the trial court on April 5, 2011, and filed with the clerk on April 7, 2011, required A.K. Gift Shop to deposit specified rent into the court registry within five days of its entry, exclusive of weekends and holidays. Counsel for A.K. Gift Shop claimed he did not receive the order until April 13, 2011, one day after the deadline for compliance if calculating from the April 7 filing date of the order. The trial court reasoned that because DTRS Intercontinental provided envelopes for the court to send the agreed orders to counsel, it tacitly agreed the orders would not take effect until received by the parties. This was error.
Florida Rule of Civil Procedure 1.080(h)(1) provides, “A copy of all orders ... shall be transmitted by the court or under its direction to all parties at the time of entry of the order or judgment.” However, subdivision (h)(3) of the rule states, “This subdivision is directory and a failure to comply with it does not affect the order or judgment or its finality or any proceedings arising in the action.” The dispute in this case revolves around whether the trial court timely transmitted the order to counsel. Rule 1.080(h)(3), however, makes the dispute irrelevant, as the order was effective on April 5, 2011, and any alleged failure of the trial court to transmit the order did not excuse A.K. Gift Shop’s duty to comply therewith. See Phoenix Holding, LLC v. Martinez, 27 So.3d 791, 792 (Fla. 3d DCA 2010) (declining to set aside judicial sale where mortgagors contended they were served at the wrong address with a copy of the final judgment on the basis that Rule 1.080(h)(3) is directory and the trial court’s failure to comply with Rule 1.080(h) does not affect the order or judgment or its finality).[1] Moreover, the record reflects A.K. Gift Shop did not deposit the specified rent into the court registry until April 19, 2011, more than five days after the date by which even A.K. Gift Shop’s counsel contends he received the order.[2]
Section 83.232(5), Florida Statutes (2011), provides, “Failure of the tenant to pay the rent into the court registry pursuant to court order shall be deemed an absolute waiver of the tenant’s defenses. In such case, the landlord is entitled to an immediate default for possession without further notice or hearing thereon.” In Park Adult Residential Facility, Inc. v. *787 Dan Designs, Inc., 36 So.3d 811, 812 (Fla. 3d DCA 2010), this court confirmed that trial courts “have no discretion in entering an immediate default for possession under these circumstances. The trial court may not consider the reasons why the deposit was not timely made.” We further stated, “[T]he law is the law. It is not our job to carve exceptions into an otherwise clear and imperative statute.” Id. at 812 n. 1.
Under the plain language of section 83.232(5), DTRS Intercontinental is entitled to an immediate writ of possession. See id.; see also Poal Wk Taft, LLC v. Johnson Med. Ctr. Corp., 45 So.3d 37 (Fla. 4th DCA 2010); Stetson Mgmt. Co. v. Fiddler’s Elbow, Inc., 18 So.3d 717 (Fla. 2d DCA 2009); 214 Main St. Corp. v. Tanksley, 947 So.2d 490 (Fla. 2d DCA 2006).
Reversed and remanded for entry of an immediate writ of possession.

. In contrast, a trial court errs in refusing to vacate orders that are not mailed to the parties where it affects a party's right to appeal. See, e.g., Bien-Aime v. MSRH Board Walk, LLC, 41 So.3d 1117, 1117 (Fla. 4th DCA 2010); Boelter v. Boelter, 39 So.3d 1282, 1284 (Fla. 2d DCA 2010); Hialeah Hotel, Inc. v. Woods, 778 So.2d 314, 316 (Fla. 3d DCA 2000); Bennett v. Ward, 667 So.2d 378, 380 n. 3 (Fla. 1st DCA 1995).

. Counsel for A.K. Gift Shop asserts he attempted to deposit money into the court registry on April 14, 2011, the day after he says he received the April 5 order, but the clerk did not accept the deposit because it was not accompanied by the proper filing fee. Neither A.K. Gift Shop nor its counsel provides any explanation why another five days elapsed before the deposit finally was made.