NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT


LEICHESTER TRUST, TRUST NUMBER )
1920, )
                                 )
        Appellant, )
                                 )
v. )           Case No. 2D15-1390
                                 )
FEDERAL NATIONAL MORTGAGE )
ASSOCIATION ("FANNIE MAE"), a )
corporation organized and existing under )
the laws of the United States of America, )
its successors and/or assigns, )
                                 )
        Appellee. )
_____ )

Opinion filed December 23, 2015.

Appeal pursuant to Fla. R. App. P. 9.130
from the Circuit Court for Hillsborough
County; Wayne Timmerman, Senior Judge.

Heather A. DeGrave of Walters Levine
Klingensmith & Thomison, P.A., Tampa, for
Appellant.

Nicole R. Ramirez of eXL Legal, PLLC, St.
Petersburg, for Appellee.


VILLANTI, Chief Judge.

        Leichester Trust, Trust Number 1920 (the Trust) appeals an order denying

its motion to vacate an order denying rehearing that the Trust never received. The

effect of the denial of the motion to vacate was to preclude the Trust from appealing the

final judgment of foreclosure entered in favor of Federal National Mortgage Association (Fannie Mae) due to a clerical error by the court. The Trust also appeals the order denying its motion to stay issuance of the certificate of title. For the reasons explained below, we reverse the order denying the motion to vacate the order on rehearing and remand with directions for the trial court to vacate the order denying rehearing and reenter an order on the motion for rehearing so as to restart the clock for appellate purposes. We affirm the denial of the Trust's motion to stay issuance of the certificate of title without further discussion.[1]

The record shows that the Trust is the legal owner of certain real property. Fannie Mae holds a note given by Ali and Elizabeth Rodriguez that is secured by a mortgage on the real property owned by the Trust. The relationship between the Rodriguezes and the Trust is not entirely clear from the record before this court.

The original lender, SunTrust Mortgage, Inc., filed a foreclosure action in 2012. The foreclosure action named the Rodriguezes and the Trust as defendants, and the Trust appeared in the proceedings through counsel. During the proceedings, Fannie Mae was substituted for SunTrust as plaintiff. Fannie Mae subsequently filed a motion for summary judgment, which the Trust opposed. Nevertheless, the trial court granted final summary judgment of foreclosure in favor of Fannie Mae over the Trust's objections on September 9, 2014. The final summary judgment of foreclosure shows

---

[1]We recognize that this ruling may complicate matters should the Trust ultimately prevail in its anticipated appeal of the summary judgment of foreclosure; however, untangling that transaction—should it become necessary—is beyond the scope of this appeal. For purposes of this appeal, we simply note that the arguments raised by the Trust in this appeal in relation to the motion to stay issuance of the certificate of title were either not preserved for appellate review or have no merit.

that it was to be served on twelve entities, and it included an email address for the Trust's counsel.

The Trust filed a timely motion for rehearing of the final summary judgment of foreclosure on September 19, 2014. In its motion, the Trust challenged the final summary judgment on both procedural and substantive grounds. The motion for rehearing was signed by counsel for the Trust, and the signature block includes an email address for counsel. The record shows that the trial court denied this motion on October 6, 2014; however, the order does not contain a certificate of service. Instead, at the bottom of the order, the court listed four entities as being entitled to receive "copies"—three by email and one, the Trust, by postal mail. Nothing in the record or the order explains why this order was served on only one-third of the interested parties or why the Trust was the sole entity to be served by postal mail despite the court having an email address for the Trust's counsel.

Five weeks after the order denying the Trust's motion for rehearing was rendered, counsel for Fannie Mae filed and served a notice of hearing on the Trust's motion for rehearing, which set the hearing for December 9, 2014. On December 4, 2014, the court sua sponte cancelled the hearing and sent an automated notice to the parties indicating that the court would review the motion for rehearing and determine whether a hearing was needed. If so, the case manager would contact the parties to reschedule the hearing. It seems clear at this point that neither the parties nor the court knew that the Trust's motion for rehearing had been denied two months earlier.

Shortly after receiving this notice, counsel for the Trust discovered that an order denying the motion for rehearing had been rendered two months earlier. In

response to this discovery, the Trust filed a motion to vacate the order denying the motion for rehearing pursuant to Florida Rule of Civil Procedure 1.540(b). In this motion, counsel for the Trust asserted that she had never been served with a copy of the order denying rehearing and that the court's failure to serve her with a copy of the order had prevented the Trust from filing a timely notice of appeal from the final summary judgment of foreclosure. The Trust noted that it did not appear that the order denying rehearing had been served on any of the parties, as they were actively working to schedule a hearing on the motion as late as November 14, 2014. The Trust asked the court to vacate the October 6, 2014, order on the motion for rehearing and to reenter it to allow the Trust to appeal the final judgment. Counsel for the Trust supported the motion to vacate with her sworn affidavit, indicating that she had never received the order denying rehearing, and she attached correspondence that showed that she and counsel for Fannie Mae continued to try to schedule a hearing on the motion months after it had been denied as evidence that neither knew of the entry of the order. Importantly, Fannie Mae did not file or offer any countervailing evidence or submit any pleading containing any facts that contradicted the assertion of counsel for the Trust that she was not served with the order denying rehearing nor did Fannie Mae assert that its counsel had timely received the order denying rehearing. Despite the Trust's request for a hearing on its motion to vacate, the trial court denied the motion to vacate without a hearing on March 11, 2015. The Trust now appeals this ruling.

This case presents a situation almost identical to that in Gibson v. Buice, 381 So. 2d 349 (Fla. 5th DCA 1980). There, the court rendered the final judgment on February 23, 1979, but both the court and the clerk failed to mail copies of the judgment

to the parties. Id. at 350. When the defendant learned of the entry of the final judgment after the time for filing the notice of appeal had expired, the defendant filed a motion for relief from judgment under rule 1.540(b). Id. The defendant argued that "mistake or inadvertence" had occurred due to the court's failure to mail copies of the judgment to the parties, the defendant attached an affidavit of his counsel alleging that he had never received a copy, and the defendant asked that the court vacate the final judgment and reenter it so that he could take an appeal. Id. The trial court denied the motion to vacate. Id. On appeal from the denial of that motion, the Fifth District noted that when the court fails to transmit a copy of an order or judgment to the parties, rule 1.540(b) should be liberally applied "in a manner conducive to the ends of justice." Id. at 351 (quoting Rogers v. First Nat'l Bank at Winter Park, 232 So. 2d 377, 378 (Fla. 1970)). Thus, the court reversed the trial court's order and remanded "for entry of an order as authorized by Rule 1.540(b), which will provide the appellant with an avenue for a direct appeal." Id.

Since that ruling, multiple courts, including this one, have routinely held that a trial court's or clerk's failure to serve the parties with an order or judgment warrants relief under rule 1.540(b), "even if for no other purpose than to reenter the order with a fresh date to preserve the right to appeal." Paul v. Wells Fargo Bank, N.A., 68 So. 3d 979, 983 (Fla. 2d DCA 2011); David M. Dresdner, M.D., P.A. v. Charter Oak Fire Ins. Co., 972 So. 2d 275, 280 (Fla. 2d DCA 2008) (noting that fundamental fairness requires granting relief under rule 1.540(b) when trial court or clerk errors result in a party's inability to file a timely notice of appeal); Schultz v. Time Warner Entm't Co., 906 So. 2d 297, 299 (Fla. 5th DCA 2005) (affirming the trial court's decision to grant a

motion to vacate when the copy of the judgment served on the parties by the clerk contained an error that misled the parties concerning the date of rendition); Pompi v. City of Jacksonville, 872 So. 2d 931, 933 (Fla. 1st DCA 2004) (finding that relief under rule 1.540(b) was warranted when the court clerk at least arguably contributed to counsel's misconception about the date of rendition); Rosso v. Golden Surf Towers Condo. Ass'n, 711 So. 2d 1298, 1300 (Fla. 4th DCA 1998) (noting that when the court does not serve a party with an order or judgment and a party is thus precluded from bringing a timely appeal, the trial court abuses its discretion in denying a motion to vacate the unserved order or judgment); Kanecke v. Lennar Homes, Inc., 543 So. 2d 784, 785 (Fla. 3d DCA 1989) (holding that when the trial court failed to provide notice of entry of a final judgment to the parties until after the time for filing a notice of appeal expired, the trial court was "obligated" to grant relief under rule 1.540(b)); Woldarsky v. Woldarsky, 243 So. 2d 629, 630 (Fla. 1st DCA 1971) (affirming the trial court's decision to set aside a final judgment under rule 1.540(b) and reenter the judgment to allow a party to appeal when the trial court failed to serve the parties with the original judgment); see generally Katherine E. Giddings & Michael J. Larson, The Right to Relief: Untimely Notice of an Appealable Order, Fla. B.J., Nov. 2015, at 50.  These authorities highlight the importance that courts place on protecting the litigants' appellate rights when a notice of appeal is not timely filed through no fault of the appellant or counsel.[2]

---

[2]Frankly, based on these undisputed facts, we are somewhat surprised that counsel for Fannie Mae did not simply stipulate to the entry of a new order on the motion for rehearing for purposes of preserving the Trust's appellate rights.  Given the facts here, this would have been the professional and civil thing to do.

Here, counsel for the Trust filed an affidavit swearing that she never received a copy of the order denying the Trust's motion for rehearing. The order itself does not contain a certificate of service that would contradict this allegation. Nor did Fannie Mae offer any evidence—or even simple assertions of counsel—to contradict the Trust's allegations. Moreover, the fact that counsel for Fannie Mae filed a notice of hearing on the Trust's motion for rehearing more than two months after the court denied that motion tends to support the Trust's assertion that the order on the motion for rehearing was never sent to the parties. Therefore, the Trust's inability to file a timely notice of appeal was due to the actions or inactions of the trial court—not any action or inaction by the Trust or its counsel. On these facts, the Trust was entitled to relief under rule 1.540(b), and the trial court should have granted the motion for relief from judgment.

Accordingly, we reverse the order denying the Trust's motion to vacate the order denying rehearing and remand with directions for the trial court to vacate the order denying rehearing and enter an order as authorized by rule 1.540(b) that will provide the Trust with an avenue for a direct appeal, namely a new order on the Trust's motion for rehearing.

Affirmed in part, reversed in part, and remanded with instructions.


MORRIS and BLACK, JJ., Concur.