# Third District Court of Appeal
## State of Florida

Opinion filed August 14, 2024.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D23-1848
Lower Tribunal No. 2020-26233-CA-01
_____

**SB Ice Steak, LLC, etc.,**
Appellant,

vs.

**The Sterling Building, Inc., a Florida corporation,**
Appellee.


An Appeal from the Circuit Court for Miami-Dade County, Carlos Lopez, Judge.

Saul Ewing LLP and Hilda Piloto, for appellant.

Nelson Mullins Riley & Scarborough LLP, Mark F. Raymond and Shane P. Martin, for appellee.


Before MILLER, GORDO and BOKOR, JJ.

PER CURIAM.

Affirmed. See Okeechobee Resorts, L.L.C. v. E Z Cash Pawn, Inc., 145 So. 3d 989, 993 (Fla. 3d DCA 2014) ("[W]hen a contract plainly provides that any modification must be in writing, all claims—however labeled—founded upon an alleged oral modification should generally be disposed of as a matter of law."); Bradley v. Sanchez, 943 So. 2d 218, 222 (Fla. 3d DCA 2006) ("Where the terms of the contract are clear and unambiguous, summary judgment is appropriate . . . the record establishes that the parties agreed not to allow a waiver of any contractual term without putting it in writing . . . the contract clearly states that 'modifications of this Contract will not be binding unless in writing, signed and delivered by the party to be bound.' Thus, this language prevents an oral waiver or modification . . . .); DTRS Intercontinental Miami, LLC v. A.K. Gift Shop, Inc., 77 So. 3d 785, 786-87 (Fla. 3d DCA 2011) ("Section 83.232(5), Florida Statutes . . . provides, 'Failure of the tenant to pay the rent into the court registry pursuant to court order shall be deemed an absolute waiver of the tenant's defenses' . . . 'The law is the law. It is not our job to carve exceptions into an otherwise clear and imperative statute.'") (citations omitted).